## TRIBBLE v. TRIBBLE.

1. The evidence as to the essential issues in this case was in conflict, but the evidence fully authorized the verdict.
2. The contention that the plaintiff was in no event entitled to an interest amounting to more than $1030 in the realty and personalty purchased with the joint earnings of the parties is without merit, for the reasons stated in the opinion.
3. Under the facts of this case the language of the judge of which complaint is made in the fifth ground of the motion for new trial was not an expression or intimation of any opinion as to what had or had not been proved, in violation of section 4863 of the Code of 1910.
4. The sixth and seventh grounds of the motion for new trial, which complain of the admission of evidence, show no error requiring the grant of a new trial.
5. An assignment of error which is not approved by the trial court will not be considered in a court of review.
6. The decree of the court was authorized by the pleadings, evidence, and verdict in this case.

No. 6370. SEPTEMBER 12, 1928.

Divorce, etc. Before Judge Moore. Fulton superior court. November 21, 1927.

*G. S. Peck*, for plaintiff in error.

*Branch & Howard* and *James A. Miller*, contra.

RUSSELL, C. J. This was an action for divorce, with a prayer for temporary and permanent alimony. The trial under review was the second trial of the suit for divorce, and temporary alimony of $50 per month had been granted by the trial judge. In her petition the wife made the claim that she owned a half interest in a described house and lot in the city of Atlanta, and asked that her

interest therein be established, and that permanent alimony be awarded her, based on the earning capacity of her husband and his ownership of the other one half interest in the house and lot. She claimed ownership of a half interest in the house and lot and certain described personalty, including the house furnishings and a Marmon automobile; and she asked that her husband's half interest in the property, both real and personal, be awarded to her as permanent alimony. The jury found in her favor, granting her a divorce, finding that she was the owner in her own right of a half interest in the house and lot, and awarding her the other half interest in the house and lot and the personalty mentioned as permanent alimony, as well as the further sum of $50 per month. The defendant made a motion for a new trial, which was overruled, and he excepted. He also excepted directly to the decree, on the ground that it is not authorized by the verdict or the evidence.

There were circumstances in the evidence which fully authorized the jury to find that the defendant was guilty of adultery as charged by the wife, though this was strongly and unequivocally denied. The parties met during the world war in Serbia, and the defendant asserted that he had never proposed matrimony to his wife nor thought of marrying her until his engagement, which in fact did not exist, was announced by one Colonel Haynes, a superior military officer, at a social gathering of officers and war workers in Europe, and that he finally returned to this country with his wife, who was then a nurse and Red Cross worker, and married her at her home in Massachusetts on January 3, 1920, merely for the purpose of preventing her from being humiliated by the public pronouncement of Colonel Haynes. The testimony of the parties was strongly in conflict on every material issue except one, and a verdict in favor of either party would have been authorized. In this state of the record, and in view of the fact that the jurors are the sole judges of the credibility of the witnesses, it can not be said that the trial judge erred in overruling the ground of the motion based upon the contention that the verdict was contrary to the evidence. As to the ownership of the property, there is no evidence disputing the fact testified to by the wife that from her earnings as a professor in the college in which her husband also taught her husband received the sum of $7700 and from other money which she turned over to him the additional sum of $700, making $8400 of

her money which went into his hands, and that it was agreed that there was to be an equal amount contributed by the husband and any property bought should be joint property in which each of the parties had an equal interest. While it appears from the testimony of the defendant that the wife had paid only two fifths of the purchase-price of the house and lot and the husband three fifths, on account of his having paid $2625 upon the purchase of the house from money derived from the sale of a farm owned by him near Lavonia, the evidence of the wife as to the amounts expended for house furnishings, a piano, and an automobile, was not disputed; and it is so plainly apparent that this personalty must have been purchased from the $7700 contributed by the wife to the common fund that the jury was authorized to find that it had been substantially, if not entirely, paid for with the money of the wife. It does not directly appear in the testimony that there was any specific agreement that the wife was to support herself so as to absolve the husband of the duty ordinarily devolving by law upon the husband of providing his wife with maintenance and support. Many of the points as to which the parties are most strongly in conflict are immaterial to the real issues in the case; but as to material issues nothing more need be said as a matter of law than that the jury evidently preferred the testimony of the wife to that of the husband. This preference this court can not review. The jury had the witnesses before them; and from their manner and demeanor upon the stand as well as other circumstances not within the power of a court of review to consider, the law has properly placed the prerogative of awarding the superior weight in cases of conflicting evidence to the jury.

The fourth ground of the motion for a new trial contains the insistence that a new trial should be granted, "because the verdict is contrary to the evidence and without any evidence to support it in so far as it seeks to award to plaintiff, by virtue of her having paid the purchase-price thereon, more than the interest which would be represented by the payment of $1030 towards the total purchase-price of $5250; and so far as said verdict found that she owned an interest in said property in excess of this amount, same was without evidence to support it." This ground is a mere amplification of the general ground that the verdict is contrary to the evidence. But in so far as this specially directs our attention to the evidence

as a whole, it appears from the record, as we have already stated, that the jury was authorized to find that Mrs. Tribble, during her years of salaried employment, placed in the hands of her husband more than $8000 from which there was returned to her by her husband only $592 at the time of the separation. Consequently, for the reasons heretofore stated, there is no merit in this ground of the motion.

In the fifth ground of the motion the complaint is made that the court erred in intimating an opinion as to the evidence in the case, in violation of section 4863 of the Code of 1910. The provisions of this section are mandatory; and if there is a violation of its terms, a reversal is demanded. However, we fail to see in the language used by the court any intimation as to what had or had not been proved with respect to the matter which the court was calling to the attention of the jury. The court charged: "You will determine whether or not the defendant [plaintiff] is entitled to a half interest in the real and personal property. She contends she is entitled to a half interest in this property. The defendant admits that she has $950 in the property. I have left that blank, and under the pleadings and evidence in this case you could not make it more than a half interest, and you could not make it less than $950, you to fill in that blank whatever interest you think she is entitled to in the property." It is assigned as error "that said charge amounted to an inference that under the evidence the plaintiff might be entitled to recover a one-half interest in said property, whereas, under plaintiff's own evidence, plaintiff would not have been entitled to recover any interest in the real estate in excess of the interest purchased by the payment of $1030 towards the total purchase-price of $5250." It appears from the verdict that the court submitted the form of the verdict which left blanks as to several particulars in which the parties were in dispute, and then instructed the jury how these blanks should be filled according to how the jury found with reference to the diverse contentions of the parties. In the item referring to the property the court submitted to the jury for their guidance the following paragraph: "We find that the plaintiff is entitled to —— interest in and to the real and personal property described in her petition." In explaining to the jury how the blank verdict was to be of service to them the court merely stated to the jury, "I have left that blank, and under the

pleadings and evidence in this case you could not make it more than a half interest, and you could not make it less than $950, you to fill in that blank whatever interest you think she is entitled to in the property." There is not the slightest suggestion in this language as to how the blank should be filled by the jury, which did not conform to the testimony in the case. The defendant admitted that his wife was entitled to $950 interest in the property; so the judge could properly say that the jury could not insert the word "no" in the blank and thus find that the plaintiff had no interest in the real and personal property, as the jury did insert the word "no" in the next following paragraph where the court left a blank, by saying, "the plaintiff is entitled to no dollars as the amount due to her by defendant for monies turned over to him." The court was fully authorized to say that they could not make it more than a one-half interest in the property, even if it implied, as it did, that the plaintiff was contending for a one-half interest; for, by reason of the facts heretofore stated, the evidence authorized the jury to find that the defendant had had in his possession, for the purpose of investing it in a one-half interest in the house and lot for the sole benefit and behoof of his wife, far more money than was requisite to complete her payment. This money unaccounted for by him should have been put in the one-half interest for his wife, as he was directed; and if he used her money for other purposes and for his own purposes and thereafter paid his money upon the house and lot, he was nevertheless ·ex equo et bono, in all good conscience, bound to make this substitution. He was bound in the first instance, because equity considers that to be done which ought to have been done. The statement of the court amounted to nothing more than that if the jury believed the testimony in behalf of the plaintiff they would award her, and accordingly insert in the blank in the verdict the words, "one half." If they thought she was not entitled to one half, then instead of the two latter words they would insert $950. There was no expression or intimation of an opinion as to what had or had not been proved.

The sixth ground of the motion is without merit. The plaintiff testified orally as to the prices paid for various articles of household goods bought by the parties and located in their house. Defendant's counsel objected to the admission of this evidence, on the ground that her recollection of the prices paid was not the best evi-

dence. If a person actually knows and recollects the price paid for an article of merchandise, the price paid is a matter of fact. There can be no higher or better evidence as to this outstanding fact than the recollection of the witness.

In the seventh ground it is insisted that the court erred in admitting in evidence two statements of George Muse Clothing Company, showing purchases by the defendant in March and April, 1926, the defendant having objected because these statements were not proved to be correct bills of George Muse Clothing Company, and because the items were all subsequent to the filing of the divorce suit. We fail to see how the admission of this testimony could in any view of the case require the grant of a new trial. It appears from a review of the record that the purpose of introducing these bills was to show primarily the purchase by Dr. Tribble of an item of $10 called a "novelty," and perhaps for the purpose of attempting to show extravagant expenditures by the defendant in the purchase of his raiment, as the bill for one of these months alone showed the purchase of two expensive suits of clothes in addition to a tuxedo. However, the defendant practically admitted the correctness of the accounts; and if his expenditures were extravagant, the nature of the purchases upon the account was a circumstance tending to support the contention of the plaintiff that the money turned over by her to him was expended for his own benefit and his social pleasures.

The eighth ground, in which it is insisted that the "court erred . . in charging the jury that they might find any amount for property rights or alimony, in excess of the property and money agreed upon in the separation agreement in settlement of the alimony suit which was introduced in evidence," when considered in connection with the note of the trial judge, is without merit. The court certifies, as to this ground, that "it was stated in open court by counsel for both parties on the trial of the case that the contract referred to was not insisted upon, and that it had been abrogated by both parties and was not binding on either party, and counsel for defendant insisted all through the case to the court and jury that plaintiff did not have any rights in the property under said contract, but that her interest in the property amounted to the amount which defendant claimed she paid, to wit, $950." Nothing is better settled than that an assignment of error which is not ap-

proved by the trial court can not be considered in a court of review. This is true even though an examination of the record might disclose the court to be in error. The court of review will not examine the record for the purpose of verifying such a statement as that contained in the note of the trial judge in the present instance. However, on a careful examination of the record in this case in consideration of other grounds of the motion, even the pleadings of the defendant disclose that he contended that the contract by which a former proceeding for alimony had been settled had been breached by the plaintiff, and stated that for that reason he discontinued the payment of the $50 monthly allowance stipulated to be paid by him to his wife. A party who contends that a contract has been breached and that it is therefore no longer binding will not be heard to say that it is binding nevertheless upon the opposite party. If he seizes upon the breach as the basis of his future action, he can no longer assert that it is binding upon the opposite party.

What we have just said controls the ruling on the direct exceptions to the decree. In the state of the record in this case, direct exceptions to the decree reach no further than the exception to the judgment overruling the motion for a new trial. While a party has the right by direct exceptions to bring in question the validity of the decree and to assert its invalidity because the decree includes either more or less than is authorized by the pleadings, the evidence, and the verdict, still the merits of the attack upon the decree must be determined by a review of the pleadings, evidence, and verdict and a comparison of each with the other. In this case, for reasons already stated in dealing with the judgment upon the motion for a new trial, and in view of the fact stated by the trial judge in his note to the eighth ground of the motion, it is quite clear that there is no merit in the assignment of error by way of direct exception to the decree.

*Judgment affirmed.    All the Justices concur.*