## CARITHERS *v.* CARITHERS.

WYATT, J. William Thomas Carithers filed a suit for divorce against Thelma M. Carithers. By her cross-bill she prayed for a divorce, alimony, and attorney's fees, and that she be awarded a certain 1940 Ford V-8 convertible automobile and a bedroom suit in the possession of the plaintiff. The jury returned a verdict granting a total divorce to both parties. The verdict further provided, "The automobile and the furniture referred to in the petition is awarded to the defendant." Based upon this verdict, the automobile and furniture were decreed to be the property of the defendant. This judgment is excepted to in so far only as the automobile was decreed to be the property of the defendant. *Held:*

1. There is no merit in the contention of the plaintiff in error to the effect that the evidence was insufficient to support the verdict, for the reason that there was no evidence showing that the plaintiff was in possession of the automobile *at the time of the trial.* The cross-bill alleged that the plaintiff was in possession of "a 1940 Ford V-8 convertible automobile," which the defendant had surrendered to the plaintiff, and which was the property of the defendant. No demurrer was filed to this cross-bill. On the trial the defendant contended, and offered evidence to the effect, that she bought a 1940 Ford V-8 convertible automobile from her own earnings and later surrendered possession of the car to the plaintiff and at his request executed to him a bill of sale to the car. The plaintiff contended, and offered evidence to the effect, that "his wife did purchase a certain Ford automobile, which she had when he returned from service, and that when it developed that he and the defendant could not live together as husband and wife, he requested her to surrender the automobile to him, as he considered that it was his earnings which had paid for the automobile." He offered in evidence a bill of sale from his wife, which fully described the automobile by make, model, motor and serial number. He did not deny possession of the car, but on the other hand sought to prove that the car was his. Conceding, but not holding, the necessity of proof of possession at the

time of the trial, the jury was authorized to infer from the evidence that the plaintiff was in possession of the car.

2. The contention that the verdict was too vague and indefinite is without merit. Verdicts must be given a reasonable intendment. Code, § 110-105. "A verdict though not explicit in its terms, the intent of which is apparent from the pleadings and the evidence, must be construed with reference thereto." *Nottingham* v. *Nicholson,* 42 *Ga. App.* 628 (157 S. E. 118).

3. The evidence as to ownership of the automobile was sharply in conflict. There was evidence sufficient to authorize a verdict finding that the automobile was the property of either of the parties. No question has been raised as to the right to try title to property in a divorce proceeding. The evidence authorized the verdict, and no error is made to appear. *Judgment affirmed. All the Justices concur.*

No. 15864. JULY 10, 1947. REHEARING DENIED JULY 22, 1947.

*W. Owen Slate* and *Charles W. Bergman,* for plaintiff.
*Rache Bell,* for defendant.