23228.   GOODWILL v. GOODWILL.

Submitted December 13, 1965—Decided February 2, 1966.

*Thomas E. Spell,* for appellant.

*George B. Cowart, Neal G. Gale, Cowart, Sapp, Alaimo & Gale,* for appellee.

Cook, Justice. The sole question for decision in the present case is whether or not the parties in a divorce action can settle questions between them in regard to the title to land and the division of property.

No decision of this court has been cited, and we have found none, which holds that questions in regard to the title to the joint and separate property of the parties can not be tried in a divorce action. We have found cases in which some doubt has been expressed, as in *Carithers v. Carithers,* 202 Ga. 596 (3) (43 SE2d 503), where it was stated that no question had been raised as to the right to try title to property in a divorce proceeding. In numerous decisions this court has dealt with divorce actions which included issues in regard to the title to land. For instance see: *Tribble v. Tribble,* 166 Ga. 850 (144 SE 665); *Ward v. Ward,* 186 Ga. 887 (2) (199 SE 195); *Gardner v. Gardner,* 206 Ga. 669 (1) (58 SE2d 416); *Hinkle v. Hinkle,*

209 Ga. 554 (3) (74 SE2d 657); *Mathews v. Mathews,* 220 Ga. 247 (6) (138 SE2d 382).

This court has held that: "Proceedings for a divorce and for alimony have always, under the practice in this State, been regarded as equitable." *Rogers v. Rogers,* 103 Ga. 763, 765 (30 SE 659); *Moss v. Moss,* 196 Ga. 340, 345 (26 SE2d 628). It is provided in Ga. L. 1946, pp. 90, 91 (*Code Ann.* § 30-105) that in actions for divorce where the "division of property is involved," the petition shall show the property and earnings of each party. *Code* § 30-118 provides: "The verdicts of juries disposing of the property in divorce cases shall be carried into effect by the courts, by entering up such judgment or decree, or taking such other steps usual in courts of equity, as will effectually and fully execute the same." These provisions of our divorce statutes certainly indicate that settlement of property rights can be made in a divorce action.

The question in the present case was decided, in principle, in the unanimous decision in *Ogles v. Smith,* 177 Ga. 361 (170 SE 234), wherein it was held: "To a suit for divorce and alimony an answer in the nature of a cross-action to cancel a deed to realty from the defendant to the plaintiff, as having been procured by fraud and with intent to separate from defendant and to drive him from his home, and an amendment alleging that more recently the plaintiff had made a conveyance of the realty to her daughter by a former marriage, who took with notice, and making the daughter a party, were not demurrable on the grounds that the defendant was not entitled to the relief for which he prayed, that there was a misjoinder of parties and of subject-matters, and that the amendment was not germane to the allegations of fact in the original petition." See also *Davis v. Davis,* 216 Ga. 305 (2) (116 SE2d 219).

The trial judge in the present case correctly held that the petition for divorce, specific performance of an oral contract between the parties, and a division of property, was not subject to the special demurrers filed by the appellant. No question was made by these demurrers as to whether or not the allegations of the petition were sufficient to authorize the relief sought.

*Judgment affirmed. All the Justices concur.*