24555. BRAGG v. BRAGG.

ARGUED MARCH 12, 1968—DECIDED APRIL 8, 1968—
REHEARING DENIED APRIL 22, 1968.

*Thomas M. Odom, Percy J. Blount,* for appellant.

*W. C. Hawkins,* for appellee.

GRICE, Justice. The substantial question in this appeal is whether the verdict is inconsistent and therefore void. This issue arises from a suit filed in the Superior Court of Screven County by Mrs. Ninette S. Bragg against Charles E. Bragg. In her petition the prayers included custody of the children, the home for the use of herself and the children, permanent alimony for herself and the children, a total divorce and general relief. The defendant's answer denied that she was entitled to the relief sought.

Upon the trial the jury returned the following verdict:

"1. We the jury find in favor of the plaintiff for a divorce.

"2. That the plaintiff receive no alimony.

"3. Child support, shall consist of ($100) one hundred dollars for each child per month and do so continue until said children attain their 19th birthday. Payment shall be made to the guardian of said children on the first Monday of each calendar month.

"4. Said property shall be divided as follows:

"One (1) 1964 Chevrolet Station wagon Impala to be awarded to the plaintiff. One (1) 1967 Volkswagen to the defendant.

"The defendant shall retain said house and two lots located at 207 Dogwood Drive in the City of Sylvania, Ga.

"The defendant shall make a lump sum payment of five thousand ($5,000) to the plaintiff within ninety days (90) from April 14, 1967.

"5. All household furnishings that plaintiff has removed from said house shall be awarded to plaintiff. All remaining furnishings in said house will be awarded to the defendant.

"So say we all this the 14th day of April 1967.

"/s/ O. Dean Reddick

"Foreman."

Thereupon, the trial court rendered judgment which incorporated and followed such verdict.

Subsequently the defendant husband moved to strike and set aside Paragraphs 4 and 5 of the verdict, and later amended the motion by entitling it as one in arrest of judgment, asserting,

insofar as material here, that such paragraphs make the verdict repugnant and void since the jury in Paragraph 2 denied alimony and in Paragraphs 4 and 5 attempted to award property and a lump sum payment.

Later the husband filed a motion for new trial upon the general grounds.

The trial court overruled both of these motions.

In his supplemental brief the husband abandoned several of the issues made by his enumeration of errors. He asked that this court, in lieu of granting a new trial, direct the trial court to strike from the judgment the paragraphs as to the property division. Therefore, we deal with only one question, whether the verdict is valid.

■ We do not regard the verdict as inconsistent and repugnant in that the jury denied the wife alimony but awarded her personal property and a lump sum payment of money, as contended by the husband.

In appraising this verdict we must keep in mind that "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." *Code* § 110-105.

As we see it, this verdict manifests a studied and orderly disposition of each of the issues before the jury, and does not in any of its provisions seek to award alimony.

In numbered paragraph 1, the jury found for a divorce for the wife; in paragraph 2 they found that the wife was not to receive alimony; in paragraph 3 they provided for monetary child support; in paragraph 4 they recited that "Said property shall be divided as follows:" and began such division by awarding one automobile to the wife and one to the husband. They then provided that the husband should retain the house and two lots and that he should pay to the wife a lump sum of $5,000 within a specified time. This division of property in the verdict was concluded by paragraph 5, which gave to the wife the household furnishings already removed from the house, but granted those remaining to the husband.

In seeking the intent of the jury and giving the verdict a reasonable construction, we must attribute to them the desire, in

resolving the issues, to be guided by the pleadings and evidence. In the evidence there was much testimony by the wife, partially denied by the husband, as to the investment which she had in the house by virtue of her own money, the amount ranging from about $5,000 to approximately $7,000. Also, she testified as to payments by her on the automobiles and as to her ownership of certain furnishings which she had removed from the house. Therefore, we must ascribe to the jury an intention to recognize an equity of the wife as to this property. While the allegations and prayers of the petition may not be construed to include property division, the evidence on this subject, unobjected to, and the subsequent verdict in effect amended the petition so as to cure any defect in pleading. See *Code* § 110-705; *Armstrong v. Armstrong,* 206 Ga. 540 (57 SE2d 668) (one Justice dissenting); *Nichols v. Nichols,* 209 Ga. 811 (76 SE2d 400) (one Justice not participating).

We therefore conclude that the verdict is not void for inconsistency.

■ Under the facts here, there is no showing which authorizes an award for damages for delay in this appeal, as provided by *Code* § 6-1801. Such motion is denied.

*Judgment affirmed. All the Justices concur.*