### 24897. McLANE v. McLANE.

MOBLEY, Justice. The question here is whether the judgment in a divorce, alimony, and custody action, denying the wife alimony and awarding certain property to her, is based on an inconsistent, ambiguous, and repugnant verdict. The husband contends that the property awarded to the wife belonged to him, and that it was not a division of property of the parties but an award of alimony to his wife out of his estate. The relevant portion of the verdict is in substance as follows: (a) The wife was awarded $6,739.36 from their joint savings account in Perry Federal Savings & Loan Association. (b) The wife was awarded the 1962 Chevrolet automobile, and the husband the 1966 Volkswagen automobile. (c) The wife was awarded the present equity in the home in Athens. (d) The wife was awarded the household

and kitchen furniture, including the washing machine, except the color television set, which was awarded to the husband. *Held:*

The sole issue is whether the jury made a division of property, giving to the husband that which was his, and to the wife that which was hers, or whether it made an award of the husband's property to the wife, inconsistent with the denial of alimony. *Code* § 110-105 provides: "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." This verdict, in our opinion, is not inconsistent, ambiguous, or repugnant, but clearly made a division of the property of the parties. The evidence, as hereinafter set out, was sufficient to support the awards made by the verdict. See *Bragg v. Bragg*, 224 Ga. 294 (161 SE2d 313).

(a) As to the award of $6,739.36 from the Perry Federal Savings & Loan Association account, there was evidence that after their marriage the wife changed her account, which had $3,000 in it, to a joint account with the husband, that reasonably regular deposits of her monthly insurance checks and the social security checks of her two children by a former marriage were made in the account, and that the husband drew $5,253.65 from the account during their marriage. The balance at the time of the trial was $10,478.73. The jury apparently gave the wife the initial $3,000 plus one-half of that left in the account. The evidence authorized this.

(b) As to the division of the automobiles, the evidence shows that title to both automobiles was in the husband but there was evidence that the wife contributed to the purchase price of the Volkswagen. There was testimony by the husband as follows: "Q. How many automobiles do you have? A. Two. Q. Tell the jury what they are. A. My wife's car is a 1962 Chevrolet, and mine is a 1966 Volkswagen." Evidence from which the jury can find that the automobile was the property of either the husband or the wife will support a verdict in a divorce action awarding the automobile to the wife. *Carithers v. Carithers*, 202 Ga. 596 (3) (43 SE2d 503). The evidence supported the award.

(c) The award of the equity in the home, amounting to approximately $4,000, to the wife was supported by the evidence showing that she made the original down payment of about $700, and that approximately $18,000 of her and her two

children's income during the marriage was deposited in a joint checking account of the wife and the husband from which their bills, including house payments, were paid.

(d) The evidence that the household and kitchen furniture was bought and paid for by the wife's first husband, and that the defendant husband bought the color television, which was awarded to him, and that he bought a washing machine to replace their old one, which was worn out, supported the jury's award of the household and kitchen furniture, including the washing machine, to the wife.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 14, 1968—DECIDED NOVEMBER 7, 1968.

*Grady C. Pittard, Jr.,* for appellant.
*William T. Gerard,* for appellee.