27688. BARNES v. BARNES.

SUBMITTED FEBRUARY 12, 1973 — DECIDED MARCH 8, 1973.

*McGahee, Plunkett, Benning & Fletcher, Jack E. McGahee,* for appellant.

*Franklin H. Pierce, Hinton R. Pierce,* for appellee.

GRICE, Presiding Justice. The issue in this divorce and alimony case is whether the verdict of the jury awarding the wife's half interest in certain real property to the

husband is supported by the evidence upon the theory of implied trust.

The case arose when Lamar G. Barnes filed suit against Marie Johnson Barnes in the Superior Court of Richmond County, praying for a total divorce and custody of three minor children, and also asking that all his right, title and interest in a house and lot at 1703 Mills Street in Augusta be established.

The wife filed an answer and cross complaint averring in essence that this property was jointly owned by her and her husband and she had helped to accumulate the equity therein; that the husband had been guilty of specified acts of physical and mental cruelty to her; that she was entitled to custody of the children; and that she was unable to adequately provide for herself and their minor children. She requested a jury trial. Her prayers were as follows: (1) that the husband's prayers be denied; (2) that she be granted a total divorce; (3) that custody of the three minor children be awarded to her; (4) that she be granted temporary and permanent alimony for herself and the children, and attorney's fees; (5) that rule nisi issue; and (6) that in addition to any cash sums she be awarded the husband's interest in the property at 1703 Mills Street and the household furniture and furnishings therein.

Upon the trial the jury returned a verdict granting the wife a total divorce, $70 a month until the youngest child reaches the age of twenty-one, and all the furnishings in the house at 1703 Mills Street. It found for the husband as follows: "The 50% undivided interest in the dwelling located at 1703 Mills Street less furnishings. This 50% interest being that of Marie Johnson Barnes." The verdict of the jury was made the judgment of the court on February 16, 1970.

On March 20, 1970, the wife filed a motion for new trial, based upon the general grounds and the ground that the verdict of the jury was incorrect in that it awarded

alimony to the husband. On that same date she also filed a motion to strike as surplusage that part of the jury's verdict awarding to the husband her 50% interest in the property on Mills Street since it was illegal and entitled to no effect.

On January 10, 1972, the wife filed amendments to both motions, attaching thereto copies of a warranty deed and two deeds to secure debt which showed that the parties had jointly purchased the Mills Street property and that both had executed the security deeds to the first and second security deed holders. The amended motions for new trial also recited portions of the trial transcript relating to joint ownership of the property.

The subsequent denial of these motions is the basis for this appeal.

Since the laws of this state provide only for alimony to be awarded for the support of a wife out of a husband's estate (Code § 30-201), the verdict of the jury and the judgment of the court in the instant case were clearly erroneous unless under the theory of implied trust, the evidence was sufficient to support the verdict awarding the wife's interest in the jointly owned property to the husband.

In regard to an implied trust, this court has held: "An implied trust results from the fact that one person's money had been invested in land and the conveyance taken in the name of another . . . To set up and establish such implied trust, it is necessary only to allege and prove that one person furnished all or a portion of the purchase-money for the land, and that the deed was taken in the name of the person to whom the money was furnished." *Hudson v. Evans,* 198 Ga. 775 (2) (32 SE2d 793); Code § 108-106.

Moreover, "It must appear from the entire transaction that there is an obligation on the part of the holder of the legal title to hold it for the benefit of someone else." *Vickers v. Vickers,* 133 Ga. 383, 384 (65 SE 885, 24 LRA

(NS) 1043).

Code § 108-116 further provides that "As between husband and wife . . . payment of purchase money by one, and causing the conveyance to be made to the other, shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted."

The transcript here reveals absolutely no evidence as to the creation of a resulting trust.

The husband testified that he and his wife had lived in the house since 1962 when he bargained for the property; that he paid the down payment on it; and that since then he had made all the mortgage payments on it. However, the evidence showed that these payments were made by checks drawn on a joint checking account of the husband and wife.

The wife's uncontradicted and unrebutted testimony was that both of them had worked and "we put everything together and paid whatever came up while we were living together;" and that during the time they were married they had a joint checking account into which she deposited all her money, which was used "for the benefit of the boys, house, furniture, taxes, whatever we had to pay."

In our view, the testimony and documentary evidence show that the husband never conveyed nor caused to be conveyed this property to his wife, but that each of them acquired an independent undivided one-half interest as a result of the contemporaneous transaction and sale, at which time both signed the notes and security deeds upon which they are both obligated.

There was no evidence that the husband caused the property to be put in the wife's name, or to show an agreement by the wife and husband for her to hold it for his benefit in trust. Nor were there any acts of dominion by the husband over the property which were inconsistent with the wife's ownership of a one-half

undivided interest, or which would have made her reasonably believe he was exercising ownership as to all of the property. Furthermore, there was no evidence of any acts of the wife recognizing the husband's sole ownership, nor any proof introduced by the husband to show that the wife did not in fact own a one-half undivided interest in the property. Finally, the fact that the wife's funds went into the joint checking account and were in fact used to pay for the house was in no way rebutted.

For the foregoing reasons, we conclude that there was no evidence upon which the jury could have determined that a resulting trust had been created in favor of the husband, and that therefore the verdict awarding him the wife's one-half interest in the property cannot be sustained.

Since no exception was taken to that part of the verdict and decree awarding a divorce to the wife and granting her custody of the minor children and cash alimony payments, those portions of the verdict and decree are affirmed with direction that the verdict and decree be made to conform by striking that portion awarding to the husband the wife's one-half undivided interest in the property at 1703 Mills Street. Code § 110-112.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*