## 29627. HOLLOWAY v. HOLLOWAY.

INGRAM, Justice.

This appeal, following a jury trial and final divorce decree in Chatham Superior Court, presents the issue of whether a part of the jury's verdict amounted to an award of alimony to the husband or merely required an equitable

division of monies belonging to both parties.

The pertinent provision of the verdict is as follows: "That all monies in safe deposit box valued at approximately $7,000, plus all monies in savings account valued at approximately $9,000, be divided equally between plaintiff and defendant."

The wife was the defendant and cross complainant in the case and she contends the evidence shows these funds were her separate property and the jury awarded half of them to the husband, which is tantamount to an award of alimony to the husband and is illegal.

We have reviewed the transcript and find there was a sufficient conflict in the evidence dealing with the ownership of these funds to authorize the jury's verdict dividing the funds between the parties. The evidence authorized the jury to find that at least one-half of the funds belonged to the husband. As we view the evidence, the jury could have resolved this issue in favor of either party but the evidence does not demand a finding that these funds were the separate property of the wife. The evidence authorized the jury to believe that it was the practice and custom of the parties to consider their joint salaries without division and as one "lump salary." The evidence also authorized the finding that it was the purpose and intent of the parties to regard the monies on deposit in the savings account in the wife's name and in the safety deposit box in both names as monies owned and held for the joint use and benefit of the parties.

In *Barnes v. Barnes,* 230 Ga. 226 (196 SE2d 390), relied on by the wife, we held the evidence did not authorize the jury to determine that a resulting trust had been created in favor of the husband so as to authorize the jury's verdict awarding to him the wife's one-half interest in their property. That case is distinguishable from the present case because here the jury's verdict simply recognized the practice and custom of these parties to regard these monies as jointly owned funds which were commingled for the use and benefit of both parties.

" 'Proceedings for a divorce and for alimony have always, under the practice in this State, been regarded as equitable.' *Rogers v. Rogers,* 103 Ga. 763, 765 (30 SE 659); *Moss v. Moss,* 196 Ga. 340, 345 (26 SE2d 628). . . 'The

verdicts of juries disposing of the property in divorce cases shall be carried into effect by the courts, by entering up such judgment or decree, or taking such other steps usual in courts of equity, as will effectually and fully execute the same.' These provisions of our divorce statutes certainly indicate that settlement of property rights can be made in a divorce action." *Goodwill v. Goodwill,* 221 Ga. 757, 759 (147 SE2d 313); *Hendrix v. Hendrix,* 224 Ga. 662, 664 (163 SE2d 917). See, also, *McLane v. McLane,* 224 Ga. 748, 749 (164 SE2d 821).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 27, 1975 — DECIDED FEBRUARY 4, 1975.

*John J. Sullivan, Gilbert L. Stacy,* for appellant.
*Malberry Smith, Jr.,* for appellee.