## 30836. YARBRAY v. YOUNG.

HILL, Justice.

The parties were divorced in 1974. The ex-wife appeals from an order dated November 20, 1975, in which the trial court vacated and set aside a portion of the 1974 divorce decree.

In 1974, the wife brought a petition for divorce in DeKalb Superior Court. The jury returned a verdict granting her a divorce and determining matters of alimony, division of property and child support. The trial judge entered judgment in accordance with the verdict on February 15, 1974. The judgment provided in part: ". . . the Plaintiff receive no alimony in cash, kind, or lump sum. The Plaintiff is hereby granted exclusive use of the premises located at [a specified address] until January 8th, 1980 or until the minor child, Lisa Carol Young marries or dies, or the Plaintiff remarries, and such use of the house shall cease upon either of these events first occurring. The Plaintiff shall make the payments of all monthly notes [on the house] during her occupancy. . . The Plaintiff shall make and pay for all maintenance and repairs to said home and shall keep itemized records. . . Upon the right to the use of the house ceasing, said house will be placed with a licensed real estate broker for sale, who shall have the house appraised and said house shall be sold on the open market at the highest appraised value provided, however, that after the appraisal Plaintiff shall have the first option to buy the house."

The divorce decree ordered further that "the balance of the net proceeds [from the sale of the house after reimbursement to plaintiff of expenses for maintenance and repairs] shall then be deposited . . . in an educational trust . . . for the purpose of covering the normal expenses for a four year college or university program for the minor child, Lisa. If Lisa elects not to attend college or for any reason leaves or drops out of college prior to completion of the four year program, then the balance left in the fund shall be declared free from the trust and divided equally between the Plaintiff and Defendant." In addition, plaintiff was awarded the household appliances and furnishings, and ownership of certain life insurance policies.

In April 1975 the wife remarried and October 21, 1975, she filed a motion with the DeKalb Superior Court to compel her ex-husband to place the property with a real estate broker for appraisal and sale in compliance with the divorce decree. After a hearing, on November 20, 1975, the trial judge vacated and set aside that portion of

the 1974 divorce decree concerning the disposition of the house on the ground that such provision in the verdict and judgment is contrary to the first provision which allows no alimony in cash, kind or lump sum.

The wife argues that the trial court erred in vacating and setting aside a portion of a final judgment rendered at an earlier term of court and, in addition, that the two provisions are not inconsistent—one refers to alimony and one to a division of property.

The verdict was not void for inconsistency for the reason that it shows not an award of alimony but a division of property between husband and wife. *Bragg v. Bragg,* 224 Ga. 294 (161 SE2d 313) (1968); *Morris v. Padgett,* 233 Ga. 750 (2) (213 SE2d 647) (1975); *Bennett v. Bennett,* 236 Ga. 764 (1976).

There being no inconsistency in the verdict, the judgment entered thereon and in conformity therewith contains no defect which would subject it to attack under Code Ann. § 81A-160.

It follows that the trial court erred in vacating and setting aside that portion of the judgment relating to the house.

*Judgment reversed. All the Justices concur.*

SUBMITTED FEBRUARY 16, 1976 — DECIDED MAY 5, 1976.

*J. C. Rary, Beth Lanier,* for appellant.
*Stanley Nylen,* for appellee.