## 31832. BYRD v. BYRD.

HILL, Justice.

This is an appeal by the wife in a divorce case. She contends that the jury awarded a portion of her property to her husband in violation of Code Ann. § 30-201.

The parties were married in 1947. The final judgment and divorce decree were filed June 3, 1976. At the time of the divorce both the husband and the wife were working. They jointly owned a house and 4 1/2 acres in Cobb County which has a mortgage on it, some Florida property also with a mortgage, a note for $68,000 secured by a deed, and the 1975 interest on the note. They also owned a car, a truck, household possessions and furniture, cemetery lots, garden tools, a chain saw, a camper, and assorted tools.

The jury awarded the wife the following: the residence in Cobb County and the 4 1/2 acres, stipulating that the husband was to make the mortgage payments; the Florida property; the household possessions; the car; the garden tools, lawn mower and roto tiller; the cemetery lots; and the 1975 interest on the note. The jury awarded her no periodic alimony payments. The jury gave the husband the chain saw, camper and assorted tools; the truck; the furniture in his possession; and full title to the note and security deed which had been jointly owned.

The note and security deed were made to husband and wife jointly and had been created when certain land, acquired by the joint effort of the parties, was sold. The wife argues that awarding her property interest in the note and accompanying security deed to her husband was illegal. She relies on *Scales v. Scales*, 235 Ga. 509 (220 SE2d 267) (1975), in which the court was unable to find a resulting trust in favor of the husband and therefore found that the jury was not authorized to award part of the wife's property to the husband. Here the husband admits the half interest was hers and makes no argument concerning a resulting trust. Instead he argues that the

jury was attempting to divide the property equitably so as not to add or subtract from the holdings of either party.

While we agree with the husband that the jury's motives were just, we find that the award of property of the wife to the husband is illegal under Code Ann. § 30-201; *Scales v. Scales,* supra; *Barnes v. Barnes,* 230 Ga. 226 (196 SE2d 390) (1973); Ga. Divorce, Alimony, etc. § 12-2. With this illegal portion stricken it is inconceivable that the jury would have intended for the remaining parts of the alimony award to remain, and we therefore reverse the alimony and property settlement portion of the divorce judgment. There being no attack upon the decree of divorce, it is affirmed.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Ingram, J., who dissents.*

SUBMITTED JANUARY 24, 1977—DECIDED MARCH 17, 1977.

*Joe L. Anderson,* for appellant.
*Joseph S. Crespi,* for appellee.