### 31981, 31997. LOWRY v. LOWRY; and vice versa.

PER CURIAM.

This divorce case was filed in DeKalb Superior Court by a wife against her husband alleging cruel treatment as the grounds for divorce. Subsequently, she amended her complaint to allege that the marriage was irretrievably broken. At the trial of the case, the parties agreed that the marriage was irretrievably broken and the divorce was granted on that ground. The parties waived a jury trial whereupon the trial court heard and decided the issues of alimony, division of property, child custody and child support.

We have reviewed each of the rulings enumerated as error on appeal and conclude that the trial court's

judgment must be reversed. For example, the trial court's judgment grants the husband an undivided one-half interest in the parties' residence, title to which was in the wife. This constitutes an award of alimony to the husband which is illegal under Georgia law. The evidence in this case is insufficient to authorize the imposition of a trust for the benefit of the husband. See *Davis v. Davis,* 237 Ga. 448 (228 SE2d 838) (1976).

The alimony award of $1.00 a year to the wife was also error. If the wife receives any alimony, the award should be consistent with her needs and the husband's ability to pay. *Anderson v. Anderson,* 237 Ga. 886 (230 SE2d 272) (1976).

The trial court's judgment does not award custody of the minor child to either party, but, rather, allows the child to continue living with his mother and have the option of selecting the parent of his choice to act as his custodian during his minority. A specific award of custody must be made and, because of the age of the child, it should be done in accordance with the applicable provisions of Code Ann. § 74-107. The present child support award is also reversed for a new decision in the trial court when a specific award of custody is made on remand.

That portion of the trial court's judgment which orders the wife to sign various stock transfer certificates must also be reversed as these ordered transfers would constitute an award out of the estate of the minor child to the estates of the parties' two nonminor children. The estate of the minor is not in issue in this case and it was beyond the authority of the trial court to order these transfers of stock out of the minor's estate.

*Judgment reversed and remanded for a new hearing. Nichols, C. J., Undercofler, P. J., Ingram, Hall, and Hill, JJ., concur. Jordan, J., concurs in the judgment only.*

ARGUED FEBRUARY 16, 1977 — DECIDED
APRIL 6, 1977.

*Dennis, Corry, Webb, Carlock & Williams, Thomas S. Carlock, Wade K. Copeland,* for appellant.
*Dewberry & Avery, C. Richard Avery,* for appellee.

Paul Miller Lowry, Jr., *pro se.*