### 32015. GOUGH v. GOUGH.

JORDAN, Justice.

This appeal by the wife in a divorce action is from the judgment entered on a jury verdict, and from the denial of her motion to set aside the verdict and judgment.

In her petition for divorce the wife alleged joint ownership by the parties in two notes. The husband in his answer asserted that there were other joint assets of the parties held by the wife and he prayed for an equitable

division of the property. The jury made the following award to the husband: "50% of all monies received including all interest and 50% of all monies to be received from the joint property known as Exhibit I or Hollywood Drive. In addition to this the $12,000 which is presently being held in trust."

1. It is contended by the wife that there was no evidence to support the award to the husband of $12,000 in trust.

The husband is partially blind and has a hearing defect. The wife has handled their joint funds. There was evidence that the wife had deposited sums totaling $12,000 in an account in her name as trustee for her husband. It is argued by the wife that this was a trust which could be revoked by her, and that she had revoked the trust and placed the account in her own name.

The right of the wife to revoke what she had denominated a "trust" account is not determinative of the question of whether the jury could award this sum to the husband. The jury was attempting from the evidence, which was contradictory and confusing, to separate the property of the husband from the joint funds of the parties. They were authorized to find that the wife had deposited funds of the husband in this "trust" account, and they could properly award it to him.

2. The motion to set aside the verdict and judgment asserted that the judgment does not follow the verdict, and that the verdict is too vague, uncertain, and indefinite to be valid.

The wife contends that the verdict awards the husband $12,000 "presently being held in trust" by the wife for the husband, and that the verdict directs the wife to pay the husband that $12,000. It is further contended that the verdict was too vague to have any validity because it does not identify the trustee, describe the terms of the trust, or designate the beneficiary.

"Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code § 110-105. "The presumptions are in favor of the validity of verdicts, and if possible a construction will be given which will uphold them. . . The court may construe a verdict, which is not

explicit in its terms, in the light of the pleadings, the issues made by the evidence, and the charge." *Powell v. Moore,* 202 Ga. 62, 66 (42 SE2d 110) (1947); *Harvey v. Head,* 68 Ga. 247 (1) (1881); *Taylor v. Brown,* 165 Ga. 698 (141 SE 898) (1928); *Sheldon v. Hargrose,* 213 Ga. 672 (2) (100 SE2d 898) (1957).

The jury obviously intended that the wife should pay to the husband the sum of $12,000 which she testified that she had placed in an account in her name as trustee for him. While she testified that she later transferred this account into her name, she further testified that it was in savings and she had not touched it. This evidence authorized the jury to conclude that she was presently holding this $12,000 in trust for her husband.

The verdict was not too vague and indefinite to be valid, since by reference to the evidence it can be determined what "Trust" the jury intended. The judgment ordering the wife to pay the $12,000 to the husband followed the apparent intent of the jury as expressed in their verdict.

3. It is asserted by the wife that the court erred in having certain colloquy with counsel for the husband, after the return of the verdict, in regard to whether the husband had received the payments due him on the note jointly owned by the parties. The judgment of the court pertaining to this note followed the verdict of the jury, and it does not appear that this colloquy affected the judgment rendered.

4. The wife contends that the court erred in failing to receive documentary evidence tendered by her at the hearing on the motion to set aside the verdict and judgment.

Unless a motion to set aside a judgment is based upon lack of jurisdiction over the person or subject matter, it must be predicated upon some nonamendable defect which appears upon the face of the record or pleadings. Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138). In *Wiley v. Wiley,* 233 Ga. 824, 826 (2) (213 SE2d 682) (1975), where no jurisdictional matter was involved, it was held: "The motion will not be granted where matters upon which it is predicated must be developed by evidence."

The trial judge did not err in refusing to hear evidence on the motion to set aside.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Ingram, Hall and Hill, JJ., concur.*

ARGUED FEBRUARY 17, 1977 — DECIDED APRIL 7, 1977 — REHEARING DENIED APRIL 27, 1977.

*Howard, Wiggins & Smith, James C. Howard, Jr., M. H. Blackshear, Jr.,* for appellant.

*Charles H. Hyatt, Ernest J. Nelson, Jr.,* for appellee.