## 33874. MORRIS v. MORRIS.

JORDAN, Justice.

This appeal by the husband in a divorce case is from the alimony judgment entered on a jury verdict.

1. The husband asserts that the court erred in awarding attorney fees after the jury had rendered its verdict.

Pretermitting the question of whether the trial judge properly reserved the right to award attorney fees, this question is now moot since the fees have been paid. *Edwards v. Edwards,* 212 Ga. 291 (92 SE2d 17) (1956).

2. The husband contends that the court erred in modifying the decree entered on the jury's verdict after the jury had dispersed.

The jury returned its verdict on January 12, 1978, making a division of the property of the parties. The verdict awarded the wife a car owned by the husband; all the Kresge stock (jointly owned); a sum of money held in savings (jointly owned); all items of furniture bought for the house; and an equal division of all antiques jointly owned which were purchased for resale and stored in the wife's house.

In this division, one of the items given to the husband was a store and all property located in Gay, Georgia, and the inventory in the store. The judgment of the court entered on February 6, 1978, but not filed, followed the verdict. On March 17, 1978, the court modified the judgment by removing the item awarding the property in Gay, Georgia, to the husband, and replacing this item with one awarding only the personal property located in the store, an antique shop, and leaving the title to the real property as it had been previously. The husband and wife had owned the real property jointly as tenants in common,

with right of survivorship.

The husband contends.that under Code § 110-111 the verdict of a jury may not be amended in a matter of substance, and that the modification of the jury verdict was error. The wife contends that the jury's award of the wife's interest in the real property in Gay, Georgia, was an illegal grant of alimony to the husband from her property, and that the judge was authorized by Code § 110-112 to amend the verdict by deleting the illegal portion.

The jury's verdict was a division of jointly owned property of the parties, and the husband was not illegally awarded alimony from the wife's estate. *Acker v. Acker,* 240 Ga. 592 (242 SE2d 107) (1978).

The trial judge erred in substantially modifying the verdict of the jury.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED SEPTEMBER 12, 1978 — DECIDED NOVEMBER 22, 1978.

*Grace W. Thomas,* for appellant.
*John L. Watson, Jr.,* for appellee.