## 34190. PRICE v. PRICE.

HILL, Justice.

This is an appeal by the wife in a no-fault divorce case in which the wife sought to amend her original complaint for divorce and alimony to expressly claim certain real property after a divorce had been granted on the pleadings and after she remarried. The trial court granted summary judgment against her based upon her remarriage and she appeals.

The wife originally sought a no-fault divorce and temporary and permanent alimony alleging that the "property owned by the parties" included two cars, a house and 75 acres. She prayed for alimony and "other and further relief" but did not specifically pray for an award of real property. The husband filed a counterclaim for divorce, denied his wife's right to alimony and denied that paragraph of the wife's complaint which listed "property owned by the parties."

The court granted the no-fault divorce on motion for judgment on the pleadings and reserved "the issues made by the pleadings concerning alimony for the wife and attorney's fees" for later determination. The wife remarried prior to that determination and the husband

then filed a motion for summary judgment, attaching a copy of the marriage certificate and contending that the wife's remarriage resolved all the issues remaining in the case.

The wife filed an amendment to her complaint seeking a division of the real property alleging that although title was in his name, the property had been acquired with her funds inherited from her mother (i.e., she alleged elements of a resulting trust). See *Scales v. Scales,* 235 Ga. 509 (220 SE2d 267) (1975). She then argued that the husband's motion for summary judgment should be denied because there were genuine issues to be tried.

The husband moved to dismiss the amendment on the grounds that it added a new claim after all the claims had been resolved and that there was no issue pending on which the amendment could attach.

The trial court did not dismiss the wife's amendment but it granted the husband's motion for summary judgment as to all issues of permanent alimony, support and property division, except that it awarded the wife one automobile (which the husband admitted she should have) and ordered the husband to pay $250 as attorney fees.

The Civil Practice Act is applicable to divorce proceedings. *Ivey v. Ivey,* 233 Ga. 45, 46 (209 SE2d 590) (1974). Code Ann. § 81A-115 (a) provides that "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order." Contrary to the husband's argument, the grant of a divorce on motion for judgment on the pleadings is not such a pre-trial order as terminates the unrestricted right to amend the pleading. See Code Ann. § 81A-116. It follows that the wife's amendment was properly before the court.

The wife's remarriage bars her right to recover alimony, including property awarded as lump sum alimony. *Coleman v. Coleman,* 240 Ga. 417, 419-420 (240 SE2d 870) (1977). However, her amendment seeks title to the property, not as lump sum alimony, but upon the theory that her funds were used in the purchase and that title should be in her name (i.e., she has alleged elements

of a resulting trust.) A resulting trust is not alimony (*Hargrett v. Hargrett*, 242 Ga. 725 (1978)), and the right to claim a resulting trust is not barred by remarriage of one of the parties. Hence, the husband's assertion that the wife's remarriage mandated the entry of summary judgment is incorrect. His proof did not show that there was no genuine issue of material fact as to a resulting trust.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 3, 1978 — DECIDED JANUARY 4, 1979 — REHEARING DENIED JANUARY 23, 1979.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellant.

*Clarke, Haygood & Lynch, Harold G. Clarke,* for appellee.