## 36233. STOKES v. STOKES.

PER CURIAM.
The facts of this alimony and property division case are relatively unexceptional. On October 24, 1978, the husband filed suit for divorce from his wife of more than twenty years on grounds that the marriage was irretrievably broken. He alleged that "the parties have accumulated" a house and lot at 450 Pinetree Drive, Lawrenceville, Georgia [valued around $75,000, less $13,000 owed on the property], as well as personal property (four automobiles, savings account, stock, and household goods and furnishings) and prayed that he be granted a divorce plus "such other and further relief as may be equitable and just."

In her answer, the wife admitted the husband's allegations concerning the house and personal property and stated further that the house and lot located at 450 Pinetree Drive, Lawrenceville, Georgia, "is in the name of this defendant . . ." She also scheduled as their property a bookkeeping service in the name of and operated by her husband. She prayed that the prayers of the plaintiff be denied and requested she be awarded a divorce, alimony, attorney fees and "such other and further relief as the court deems meet and proper."

The husband filed a motion for judgment of divorce on the pleadings and on December 15, 1978, a final judgment and decree of divorce was granted the husband with "all other issues in this case, including without limitation, the issues concerning alimony be, and the same hereby are reserved for future determination . . ."

On February 2, 1979, a month and a half after the divorce was granted, the husband amended his complaint to allege that the house was held in trust by the wife for the use and benefit of both parties. He further alleged that "the purchase money for the house and all property and all mortgage payments were furnished by the joint efforts of the parties" and prayed that the property be equally divided between the parties. The evidence at trial showed that the wife's father had deeded the property to the husband, that a house was built, and that the husband later deeded the property to his wife.

The trial court charged the jury on alimony and equitable division of property (this charge is set out in Division 3 of the opinion). The wife objected to the charge on equitable division of property and contended that the issue was not properly in the case. The trial court found the question properly submitted to the jury and overruled the objection. After deliberation, the jury denied alimony to the wife but awarded a three-fourths interest in the real property to the wife and a one-fourth interest to the husband. We granted the wife's application to appeal. See *Bedford v. Bedford,* 246 Ga. 780, post (1980).

The wife appeals on three grounds, one of which necessitates consideration of the law of property division incident to divorce.

1. The wife contends that the trial court erred in allowing the plaintiff to amend his complaint to allege a trust after the trial court had granted a divorce. The wife argues that the husband's claim to the house was not cognizable under the trial court's order reserving the issue of alimony.

Regardless of the prayers of the petition and answer as to "other and further relief," or the divorce decree reserving the issue of alimony, the wife sought alimony which was not granted by the judgment of divorce on the pleadings. Thus the issue of alimony was still pending. *Smith v. Smith,* 239 Ga. 38 (235 SE2d 526) (1977). So long as the alimony case was pending (no pre-trial order under Code Ann. § 81A-116 having been entered), a "party may amend his pleadings as a matter of course" (Code Ann. § 81A-115) to raise any claim, not already adjudicated, as he or she has against the opposing party (Code Ann. § 81A-118). In *Price v. Price,* 243 Ga. 4 (252 SE2d 402) (1979), after the decree of divorce was entered, the case was still pending and the wife was allowed to amend to assert a claim of resulting trust to real property. That decision is equally applicable to a husband's right to amend.

2. The wife contends that the trial court erred in failing to take corrective action after ascertaining upon a poll of the jury when the verdict was announced that during the trial three jurors had viewed the Lawrenceville property without authorization from the trial judge. After interrogation, the judge concluded that no harmful error

had occurred and announced he would accept the verdict. There was no motion for mistrial and no exception to acceptance of the verdict. The error, if not harmless, was waived.

3. The wife also contends that the trial court erred in charging the jury as to division of property.

The trial court charged the jury as follows:

"Now, the plaintiff by way of an amendment alleged that the house and lot at 450 Pinetree Drive, Lawrenceville, Georgia, was acquired by the parties in this case and placed in the name of Joyce Jones, defendant — Joyce Jones Stokes. The plaintiff contends that the purchase money for the house and the property and all mortgage payments were furnished by the joint efforts of the parties. And he contends that this property should be equally divided between the parties in this case.

"Now, Ladies and Gentlemen, that is very simply the only two issues that are before you and that you are concerned with. The first issue is whether or not the defendant, Joyce Jones Stokes, is entitled to alimony from the plaintiff, Guy Edgar Stokes. [The jury denied alimony to the wife.] . . .

"Now, the second question is whether or not you think that there should be a division of the property involved between these parties. Mr. Stokes seeks a division of the property known as 450 Pinetree Drive in Lawrenceville, Georgia, which is the home of the parties. So I have provided a further portion of your verdict, 'We further find that the plaintiff, that would be Guy Edgar Stokes, "is" or "is not" entitled to division of the house and lot located at 450 Pinetree Drive, Lawrenceville, Georgia.' There again you would select the phrase which you think applicable whether he 'is' or whether he 'is not.' If you find that a division of the property is proper then you would complete the following, 'We divide said property as follows'."[1] The jury awarded the husband a one-fourth interest in the house.

We do not deal here with the authority of a jury to award one spouse property from the corpus of the estate of the other spouse *as alimony* (Code Ann. § 30-209), under the rules for determining alimony (Code Ann. §§ 30-201, 30-209). *Anthony v. Anthony,* 237 Ga. 753 (229 SE2d 609) (1976); *Pickle v. Pickle,* 238 Ga. 66 (2) (231 SE2d 61) (1976). Alimony was not sought here by the husband. We do not deal here with the authority of a jury to partition real property titled

---

[1]The wife's attorney excepted to the giving of the charge as to division of property as a whole (not to any particular part thereof or omission therefrom). On appeal, she enumerates as error that the court submitted to the jury the question and issue of equitable division of property.

jointly in the wife and husband. *Hargrett v. Hargrett,* 242 Ga. 725, 728 (251 SE2d 235) (1978); *Acker v. Acker,* 240 Ga. 592 (242 SE2d 107) (1978); *Hollandsworth v. Hollandsworth,* 242 Ga. 790 (251 SE2d 532) (1979); *Gorman v. Gorman,* 239 Ga. 312 (1) (236 SE2d 652) (1977). This is not a resulting trust case nor an inceptive fraud case. *Hargrett v. Hargrett,* supra.[2]

We deal here solely with the authority of the trier hearing an alimony case to award to one spouse real property titled in the name of the other spouse where the basis of such award is neither alimony, partitioning, trust nor fraud, but is "equitable division of property."

At common law, marriage merged the property rights of the parties and placed control of all property in the husband. 41 AmJur 53, Husband and Wife, § 44. At least as early as 1866 (Ga. L. 1866, pp. 146, 147; see Code of 1933 § 53-502), the common law rule was modified in Georgia to provide that "All the property of the wife at the time of her marriage, whether real, personal or choses in action, shall be and remain the separate property of the wife, and that all property given to, inherited or acquired by the wife during coverture shall vest in and belong to the wife, and shall not be liable for the payment of any debt, default, or contract of the husband." As a result of Orr v. Orr, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979), Code § 53-502 was amended to read: "The separate property of each spouse shall remain the separate property of that spouse except as provided in Code Title 30 and except as otherwise provided by law." (Ga. L. 1979, pp. 466, 489.) Although § 53-502 of the Code of 1933 was amended in 1979, the constitutional provision underlying it, Code Ann. § 2-124, was not. In any event, Code § 53-502, as amended, now refers us to Code Title 30, Divorce and Alimony.

Code § 30-105 provides that in actions for divorce, "(6) where alimony or support or *division of property* is involved [the petition shall show], the property and earnings of the parties if such is known." (Emphasis supplied.) Code § 30-118 provides that "The verdicts of juries *disposing of the property* in divorce cases shall be carried into effect by the courts, by entering up such judgment or decree, or taking such other steps usual in courts of equity, as will effectually and fully execute the same." (Emphasis supplied.)

The decisions of this court have approved the equitable division of personal property. In *Bragg v. Bragg,* 224 Ga. 294 (161 SE2d 313) (1968), the jury refused alimony to the wife but awarded her a Chevrolet station wagon (a Volkswagen was awarded the husband),

---

[2]Although the husband alleged a trust, he requested no charge on resulting trust and did not except to the charge as given.

gave the husband a house and two lots but gave the wife her equity in the house ($5000), and divided the household furnishings between them. The husband argued that the verdict was inconsistent because alimony had been denied the wife and he moved to strike and set aside the awards of personal property (station wagon, $5000, and household furnishings). The court held that the verdict was not inconsistent in that the awards of property to the wife were not alimony but were "*property division*" (224 Ga. at 297) saying: "In the evidence there was much testimony by the wife, partially denied by the husband, as to the investment which she had in the house by virtue of her own money, the amount ranging from about $5,000 to approximately $7,000. Also, she testified as to payments by her on the automobiles and as to her ownership of certain furnishings which she had removed from the house. Therefore, we must ascribe to the jury an intention to recognize an *equity* of the wife as to this property." (Emphasis supplied.)

In *McLane v. McLane,* 224 Ga. 748 (164 SE2d 821) (1968), the jury refused alimony to the wife but awarded her $6,739 from a joint savings account, a Chevrolet (again the husband was awarded a Volkswagen), the equity in the home, and household furniture (except the color television was awarded the husband). Again, when the husband complained that the verdict was contradictory in denying the wife alimony yet awarding property to her, this court found the verdict not inconsistent and affirmed the property awards as "a *division* of the property of the parties." (224 Ga. at 749, emphasis supplied.) It should be noted that title to both cars was in the husband and the wife had contributed to the purchase of the Volkswagen.

In *Holloway v. Holloway,* 233 Ga. 631 (212 SE2d 809) (1975), the jury divided some $16,000 equally between the parties ($9000 of the $16,000 was in a savings account in the wife's name). The wife appealed contending that the funds were her separate property and that the jury had awarded the husband alimony, which was not allowable at that time. This court held that the award to the husband was not alimony but was a disposition of property. After quoting Code § 30-118, supra, the court said (233 Ga. at 633): " 'These provisions of our divorce statutes certainly indicate that *settlement of property rights* can be made in a divorce action.' *Goodwill v. Goodwill,* 221 Ga. 757, 759 (147 SE2d 313) . . ." (Emphasis supplied.)

In *Gough v. Gough,* 238 Ga. 695 (235 SE2d 9) (1977), the jury awarded the husband half the income from certain jointly held property and $12,000 formerly held in an account in the wife's name as trustee for her husband but later put into a savings account in her name. She appealed the $12,000 award to her husband but this court

affirmed on the basis that the jury was attempting to separate the property of the husband from the joint funds of the parties.

As can be seen from the foregoing cases, the equitable division of personal property as an incident to divorce and alimony cases as provided by our Code has been approved by this court. We turn now to the real property cases.

In *Bragg v. Bragg,* supra, this court approved the award to the wife of $5,000 as her equity in the home notwithstanding the facts that alimony to the wife had been denied and title to the home was in the husband (224 Ga. at 295, 297). In *McLane v. McLane,* supra, this court approved the award to the wife of the equity in the home itself based on the evidence that she had made the original down payment and her funds deposited in a joint account had been used to pay bills, including house payments.

In *Yarbray v. Young,* 236 Ga. 784, 786 (225 SE2d 315) (1976), the jury in early 1974 denied alimony to the wife "in cash, kind or lump sum." The wife was awarded "exclusive use" of the house until a certain date or until a minor daughter married or died, or until the wife remarried, whichever occurred first. At that time the house was to be sold, with the proceeds to be used for the child's education or, if not, then divided equally between husband and wife. The wife was awarded the household furnishings and certain life insurance policies. The wife remarried in mid-1975 and moved that the husband be required to sell the house. The trial court then vacated the provision in the judgment as to the sale of the house on the basis that it conflicted with the denial of alimony in cash, kind or lump sum. This court reversed, holding that "The verdict was not void for inconsistency for the reason that it shows not an award of alimony but a *division of property* between husband and wife." (Emphasis supplied.) 236 Ga. at 786.

In *Coleman v. Coleman,* 240 Ga. 417 (2) (240 SE2d 870) (1977), the husband was granted a divorce on the pleadings, with other issues reserved for trial. The former wife remarried. At trial the judge awarded no sums to the wife as lump sum or periodic payments but did award her the house (which had been in both their names), most of the furnishings, and one car (which they bought with his money and which had been in both their names). The husband was awarded a car given the wife by her father when the parties married. The husband appealed contending that the awards to his former wife were barred by her remarriage and adultery during their marriage. This court determined that due to her remarriage the former wife was not entitled to the house, furnishings and car as alimony but affirmed those awards, saying (240 Ga. at 420): ". . . [W]e construe the grant of the house, car, and furnishings as *property division.*" (Emphasis

supplied.)

In *Morris v. Morris,* 242 Ga. 591 (250 SE2d 459) (1978), the jury awarded the husband a store, titled jointly in the husband and wife, and the contents of the store. The judge later modified the judgment so as to give the husband only the contents of the store, leaving title to the store itself in the wife and husband jointly as it had been previously. On the husband's appeal the wife argued that the award to him of her half interest in the store was an illegal award of alimony to the husband. This court reversed, finding that the trial court erred in modifying the verdict and judgment and holding that the jury's verdict giving the store to the husband "was a *division of jointly owned property* of the parties" (242 Ga. at 592, emphasis supplied), not an award of alimony to the husband.

In the book entitled "Divorce, Alimony and Child Custody" (1975) by Messrs. McConaughey and Hinchey, the authors state that "In a divorce action the court has ancillary jurisdiction to determine the equitable interest of either spouse in the real or personal property owned, either in whole or in part, by the other spouse." (§ 12-2, p. 179.) We find that statement to be correct in view of Code § 30-118 and the foregoing cases. In those cases this court has approved the award to a spouse, either husband or wife, of property, both real and personal, held in the name of the other spouse, not as alimony but as equitable division of property.

The trial court in the case now before us did not err in submitting the issue of division of property to the jury and the jury was authorized to award the husband a one-fourth interest in the house. *Byrd v. Byrd,* 238 Ga. 569 (233 SE2d 799) (1977) and the contrary statements in *Hargrett v. Hargrett,* 242 Ga. 725 (2), 728, supra, are overruled and will not be followed.

*Judgment affirmed. All the Justices concur, except Bowles and Marshall, JJ., who dissent.*

SUBMITTED MAY 16, 1980 — DECIDED
DECEMBER 3, 1980.

*G. Hughel Harrison,* for appellant.
*Joseph Cheeley,* for appellee.

HILL, Justice, concurring.

The opinion of the court verifies that over the years this court has recognized the doctrine of equitable division of property in numerous cases. This is not surprising because " 'Proceedings for a divorce and for alimony have always, under the practice in this state, been regarded as equitable.' " *Gorman v. Gorman,* 239 Ga. 312, 314

(236 SE2d 652) (1977), and cases cited.

The doctrine is used in several counties; e.g., Gwinnett (where this case arose); Douglas (see *Foster v. Foster,* Ga. S. C. Application No. 1311); Fulton (see *Bowman v. Bowman,* Ga. S. C. Application No. 1320), and presumably throughout the judicial circuits in which those counties are located.

However, the jury instructions used for equitable division of property do not appear to be uniform and in some instances are not fully developed. Although the majority is understandably reluctant to undertake to set forth in this opinion an acceptable charge as to equitable division of property, I am not prevented from so doing in this concurring opinion. My view follows:

In a suit for permanent alimony incident to divorce or legal separation, the court or jury shall:

(1) Assign each spouse's real and personal property and assets at the time of the marriage, or inherited during the marriage, to that spouse.

(2) Equitably apportion between the parties the real and personal property and assets acquired during the marriage whether the title thereto is in the name of one spouse or both. (If necessary to an equitable apportionment, real property may be partitioned.) In making this apportionment, the court or jury shall consider the duration of the marriage, and any prior marriage of either party; the age, health, occupation, vocational skills, and employability of each party, as well as the contribution or service of each spouse to the family unit; the amount and sources of income, estate (see (1) above), debts, liabilities and needs of each of the parties, as well as debts against property; and whether the apportionment is in lieu of or in addition to permanent alimony (see (3) below) and the opportunity of each for future acquisition of assets and income by employment or otherwise.

(3) Provide permanent alimony, if it sees fit to do so, to one party in accordance with the needs of that party and the ability of the other party to pay, either from future earnings or the corpus of the estate whether acquired before or during the marriage (see (1) and (2) above), according to the condition of both parties, their separate estates, earning capacities, needs and fixed liabilities. (See Code §§ 30-201, 30-209 as amended.)

Let me explain that paragraph (1), above, is an adaptation of Code § 53-502, as enacted and as amended, and relates to the "separate property" of the parties; paragraph (2) relates to the equitable division of the property identified as the "marriage property" and implements Code §§ 30-105; 30-118; and paragraph (3) relates to permanent alimony and comes from the Code sections

cited. In my view, the jury should first identify the "separate property" (paragraph 1) and allocate it to the proper party (one share to the husband, if any, and one share to the wife, if any). Next, the jury should equitably distribute the remaining property, the "marriage property," on the basis of the equitable principles stated in paragraph (2), to the appropriate recipient (one share to each spouse added to the "separate property" shares previously set apart). Finally (paragraph 3), as has been the case in the past, the jury should determine, according to the statutory formula (the needs of one and the ability of the other), if one party is entitled to an award of permanent alimony from the future earnings of the other spouse, or from the estate (the "separate property" or "marriage property" previously set apart) of the other spouse.

As I see it, the procedure employed in some superior courts has been to focus the jury's attention first and foremost on permanent alimony, and to allow the jury to equitably apportion the property of the parties (separate as well as marriage) as part of and incident to the permanent alimony award. In my view, separating the components of the permanent alimony award into a three step, sequential procedure will be an improvement over the practice of treating everything the wife or husband receives as alimony.

BOWLES, Justice, dissenting.

I feel that the duty of this court is to determine what the law is, not to legislate theories of ownership. In my judgment, the majority opinion in this case establishes and implements property rights in this state which have not heretofore existed. With that, let us examine each of the decisions on which the majority opinion relies.

*Bragg v. Bragg,* 224 Ga. 294 (161 SE2d 313) (1968) — Wife sued husband for divorce. The divorce was granted to the wife and the jury made the following provisions: (a) The wife will receive no alimony; (b) *Child support* of $100 per child per month (emphasis supplied); (c) Chevrolet to the wife, Volkswagen to the husband; house and two lots to the husband; (d) Husband shall pay $5,000 lump sum to wife; (e) Household furnishings in possession of the wife to her, rest to husband.

This jury verdict is explainable on two theories other than that advanced by the majority. First, the wife testified as to her *ownership* rights in some of this property and it is the jury's duty to sift through conflicting claims of ownership. Furthermore, any property awarded to the wife which was not hers could be considered alimony. Although the jury said "no alimony to the wife" it seems clear that what it meant was "no periodic alimony." It could not have meant no alimony of any kind since in the very next paragraph, it awarded

"child support" which is also termed "alimony" under our law. Code Ann. § 30-207.

*McLane v. McLane,* 224 Ga. 748 (164 SE2d 821) (1968) — The jury denied alimony to the wife but awarded her a sum out of a joint savings account, one of two automobiles, the equity in the home, and certain household furnishings. This court held that the evidence authorized the jury to find that that property (including money) which was awarded to the wife was *her* property. While the evidence showed that title to both cars was in the husband and that the wife contributed to the purchase of the Volkswagen, it should be noted that the husband affirmatively testified "My wife's car is a 1962 Chevrolet, and mine is a 1966 Volkswagen."

*Holloway v. Holloway,* 233 Ga. 631 (212 SE2d 809) (1975) — The husband was awarded half of a sum held in a savings account in the wife's name. This court held, "We have reviewed the transcript and find there was a sufficient conflict in the evidence dealing with the ownership of these funds to authorize the jury's verdict dividing the funds between the parties. The evidence authorized the jury to find that at least one-half of the funds belonged to the husband." 233 Ga. 632.

*Gough v. Gough,* 238 Ga. 695 (235 SE2d 9) (1977) — The jury awarded $12,000 to the husband which was then "being held in trust" by the wife. She had moved the funds from a trust account to an account in her own name. This court held "The jury was attempting from the evidence, which was contradictory and confusing, to separate the property of the husband from the joint funds of the parties. They were authorized to find that the wife had deposited *funds of the husband* in this 'trust' account, and they could properly award it to him." 238 Ga. at 696. (Emphasis supplied.)

*Yarbray v. Young,* 236 Ga. 784 (225 SE2d 315) (1976) — The jury awarded no alimony in cash, kind, or lump sum to the wife but gave her "exclusive use" of the home for a stated period of time. There is no indication in the opinion that the property was titled only in the name of the husband so I assume it was the property of both husband and wife. The jury is authorized to divide jointly owned property upon divorce.

*Coleman v. Coleman,* 240 Ga. 417 (240 SE2d 870) (1977) — In this case the husband *requested* "equitable property division" and consequently could not be permitted to attack on appeal the verdict granting that request.

*Morris v. Morris,* 242 Ga. 591 (250 SE2d 459) (1978) — The jury awarded some jointly owned property to the wife and some jointly owned property to the husband. This simply constitutes a partitioning of jointly owned property between tenants in common.

In addition to these decisions, the majority opinion relies on two statutes as indicating that "equitable division of property" is authorized by our law. Code Ann. § 30-105, in pertinent part states: ". . . The petition shall show . . . (6) where alimony or support or *division of property* is involved, the property and earnings of the parties if such is known." (Emphasis supplied.) In my judgment, this refers to a division of property where the spouses are tenants in common. Code Ann. § 30-118 states: "The verdicts of juries disposing of the property in divorce cases shall be carried into effect by the courts, by entering up such judgment or decree, or taking such other steps usual in courts of equity, as will effectually and fully execute the same." This statute has to do with the carrying out of verdicts of the jury in a given case awarding alimony, decreeing a trust in specific property, and so forth, but does not establish a vested remedy for obtaining such a verdict.

We have stated as recently as September 3, 1980 in the case of *Hathcock v. Hathcock,* 246 Ga. 233 (271 SE2d 147) (1980), the following: "We note here that a so-called 'property settlement' can only exist by virtue of an agreement. The only method by which a trial judge or jury can award one spouse's property to the other spouse is by granting alimony, either periodic alimony or alimony in kind." No judge on this court noted any objection to this valid statement of the law. Further, we have specifically held as follows:

*Barnes v. Barnes,* 230 Ga. 226 (196 SE2d 390) (1973) — The court held that the evidence was undisputed that each spouse owned an independent undivided one-half interest in a house and that absent a resulting trust, the jury award of the wife's one-half interest to the husband could not be sustained.

*Scales v. Scales,* 235 Ga. 509 (220 SE2d 267) (1975) — Without a resulting trust, an award to the husband of a portion of the wife's property was not authorized.

*Byrd v. Byrd,* 238 Ga. 569 (233 SE2d 799) (1977) (now overruled by the majority opinion). This court found the award of the wife's property to the husband illegal despite the husband's argument that the jury was attempting to divide the parties' property *equitably.*

*Lowry v. Lowry,* 238 Ga. 593 (234 SE2d 509) (1977) — Without a trust, the award of the wife's property to the husband was illegal.

*Hargrett v. Hargrett,* 242 Ga. 725 (251 SE2d 235) (1978) (now overruled by the majority opinion). " 'Property settlement' and 'property division' are terms used to refer to the determination of who owns property when its title is disputed and to the partitioning of jointly owned property. [Citations omitted]. They do not create a means for awarding a husband property the title to which is in the wife." 242 Ga. at 728.

Following the decision in Orr v. Orr, 440 U. S. 268 (99 SC 1102, 59

LE2d 306) (1979), our legislature re-examined the status of title of properties belonging to husband and wife and re-stated the law of Georgia as follows: Code Ann. § 53-502 "The separate property of each spouse shall remain the separate property of that spouse except as provided in Code Title 30 and except as otherwise provided by law."[1] Under the majority opinion, if I understand it correctly, any property accumulated by either spouse following marriage, except by gifts or inheritance from others could be awarded to the opposite spouse without reason, cause or justification and irrespective of the conduct of the receiving party. To that end, we do not have community property which can be divided one-half to each spouse, but we have created a procedure for hazarding the respective properties of a spouse who for any reason is not popular with a particular jury or who because of lack of judgment or liquid assets is not able to hire counsel competent to protect his or her interest. Equitable rights to accumulated properties, if they exist, surely do not exist solely when a suit for divorce is being tried. If one spouse who isn't entitled to alimony in kind is entitled to claim property of the other based on equity then such a right surely exists at all times during the marriage relationship, and if a valid property right, would survive a spouse's death.

In addition to the problems created in intestate as well as testate succession, where does such an indefinite holding lead? Should mortgage lenders beware in lending on properties possessed by both spouses but titled in only one name? If we are prone to legislate, we should at least consider all of the fallout from the rule the majority establishes.

I, therefore, dissent.

I am authorized to state that Justice Marshall joins in this dissent.

---

[1] A bill was introduced in the legislature in 1979 to do exactly what the majority opinion now approves. This bill could not even be voted out of committee. House Bill No. 1031.