## 22786. SHIVERS v. HUNNICUTT.

SUBMITTED JANUARY 12, 1965—DECIDED FEBRUARY 4, 1965.

*Phillip Slotin, Aycock, Ivey & Slotin,* for plaintiff in error. *Mildred Kingloff, Margaret Hopkins,* contra.

ALMAND, Justice. The judgments under review are orders (a) denying a motion by the plaintiff for a judgment notwithstanding the verdict and (b) overruling the plaintiff's motion for a new trial in which error is assigned on the direction of a verdict in favor of the defendant.

In her petition, as first amended, Mary Alice Shivers alleged: that she was the owner of a certain described tract of land in the City of Atlanta; that on July 14, 1947, she purchased the property by making the down payment of $500 from her own funds, but through an inadvertent mistake the deed named her husband as grantee; that she has had exclusive possession of the property for 12 years; that she has paid all the notes on the property and that her husband has no legal or equitable interest in the property and that the mistake in the record of title should be corrected. She alleged that her husband made a deed conveying the property to her on July 18, 1957, and that the defendant Helen Shivers Hunnicutt claims title to the property by virtue of a sheriff's deed dated October 7, 1958, given at a sale under a levy of execution against her husband Jacob Shivers. She prayed that the sheriff's deed be canceled and that the dispossessory warrant proceeding in the Civil Court of Fulton County be enjoined. Though general and special demurrers were filed to the petition, no action was had on them.

On the trial, after the parties had concluded the introduction of evidence, the court announced that since there was no evidence of mistake in the case, he could not submit the case to the jury. Counsel thereupon amended plaintiff's petition by striking therefrom allegations as to mistake and alleged that the parties in the execution of the deed on July 14, 1947, intended "that the true and equitable title should be in the wife [the plaintiff] even though the title was in the plaintiff's husband." No objection was made to the allowance of the amendment or to the amended petition. Both parties moved for a directed verdict. The court, after stating that the allegations in the petition were insufficient to show an implied or resulting trust in favor of the plaintiff, directed a verdict in favor of the defendant.

Plaintiff introduced evidence showing: that the property in question was deeded to plaintiff's husband on July 14, 1947; that she paid all of the purchase money out of her own funds; that she had lived on said premises since 1947 and had insured the property in her own name; that her husband deeded the property to her in 1947, which deed was recorded on July 18, 1957. Though there were conflicting parts to his testimony, the husband testified that his wife's own moneys were used to pay for the property.

The evidence on behalf of the defendant showed: that the defendant, the former wife of plaintiff's husband, obtained a judgment for alimony prior to 1947 against Jacob Shivers; that fi. fas. issued from the Fulton Superior Court in 1954 and 1956 covering the unpaid alimony and the property in question was levied on by the sheriff as the property of Jacob Shivers and bought in by the defendant at the sheriff's sale and that a deed was executed by the sheriff on October 7, 1958.

■ " 'Except where the true owner is estopped from asserting title, the lien of a judgment only attaches to such interest as the judgment debtor actually has in the property levied on.' " *Hartsfield Loan &c. Co. v. Garner*, 184 Ga. 283 (1) (191 SE 119).

■ Where land is purchased by a wife and paid for with her money, in equity it is her property though deeded by the seller to her husband. Such property, as against a claim by her, cannot lawfully be subjected to a judgment against her husband where at the time of the creation of the debt on which the judgment is founded, credit was not given to the husband on the faith of his apparent ownership of such property. *Hartsfield Loan &c. Co. v. Garner*, 184 Ga. 283 (3), supra. In the instant case, the judgment was for alimony and not a debt resulting upon credit extended to the husband upon the faith of ownership of the property.

■ Trusts are implied where the legal title is in one person, but the beneficial interest, wholly or partially, is in another by reason of the payment of the purchase money, or where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest. *Code* § 108-106 (1, 3).

In *Hudson v. Evans,* 198 Ga. 775 (2) (32 SE2d 793) it was said: "An implied trust results from the fact that one person's money has been invested in land and the conveyance taken in the name of another. (a) To set up and establish such implied trust, it is necessary only to allege and prove that one person furnished all or a portion of the purchase money for the land, and that the deed was taken in the name of the person to whom the money was furnished."

The allegations in the amended petition were sufficient to show an implied trust. The evidence in support of the allegations was sufficient to go to the jury on this and other issues in the case and the court erred in directing a verdict for the defendant.

The court did not err in overruling plaintiff's motion for a judgment notwithstanding the verdict, but did err in overruling the motion for a new trial.

*Judgment affirmed in part; reversed in part. All the Justices concur.*