## 27863. HAMPTON et al. v. TAYLOR.

UNDERCOFLER, Justice. Louise H. Taylor filed a complaint against Charles W. Hampton, Individually and as Executor under the will of Leona W. Hampton, their mother. The complaint alleged among other things that the defendant had qualified as executor of their mother's estate in 1965 and had been discharged as such executor in July, 1971, upon his representation that he had fully administered the estate. The complaint alleged further that the petition for discharge was fraudulent in stating that the estate was fully administered because the will specifically devised all of the property to the children or their representatives in equal shares and the complainant as one of the children had received no part of the estate; that there is an excess in the estate after payment of debts, including real estate, and that the complainant is entitled to her share; that instead of dividing the estate as directed by the will the defendant has retained sole possession of the money and intangible property and has fraudulently conveyed to himself individually the real property of the estate under a purported assent to devise and there was no such devise contained in the will.

The evidence of the defendant shows that he had conveyed the property to himself because the estate was indebted to him for more than the value of the real estate. The evidence also shows that the defendant refused to talk with the other children about the estate or account to them in any way. The will devised the property to the children of the testatrix or their representatives. The will also provided that the defendant be given the first choice of buying the homeplace.

The trial court granted a temporary injunction prohibiting the defendant from conveying, encumbering or dissipating the real estate involved in

the suit. He appeals to this court. *Held:*

The appellant contends that his discharge as executor by the court of ordinary operates as a complete release from all liability as such executor. We do not agree. Code § 113-2303 provides: "A discharge obtained by the administrator by means of any fraud practiced on the heirs or the ordinary is void, and may be set aside on motion and proof of the fraud." The appellant contends that no fraud was involved in his dismissal as executor because he had fully administered the estate according to the terms of the will and there was no basis for granting the temporary injunction. However, his conveyance of the real estate to himself is erroneous under the clear terms of the will. The will only provided that he had the first choice of buying the homeplace.

The trial court did not err in granting the temporary injunction. *White v. Roper,* 176 Ga. 180 (2) (167 SE 177); Redfearn on Wills (3rd Ed.) 789, § 272. The case of *First Nat. Bank &c. Co. v. Hirschfeld,* 178 Ga. 581 (173 SE 663) which holds that a judgment of a court of ordinary discharging an executor will relieve him for all liability on account of his administration unless it be impeached or set aside in some appropriate manner is not applicable here. That case specifically states that fraud was not involved therein. The case of *Warnock v. Warnock,* 206 Ga. 548 (57 SE2d 571) relied on by appellant was decided on the doctrine of laches and is not controlling here.

*Judgment affirmed. All the Justices concur.*

Argued April 10, 1973 — Decided May 10, 1973.

*Hendon, Egerton & Hendon, E. T. Hendon, Jr.,* for appellants.

*Thomas W. Elliott, Mackay & Elliott,* for appellee.