29255. HAMPTON et al. v. TAYLOR.

JORDAN, Justice.

Leona Hampton, mother of the parties in the above styled appeal, died on April 16, 1964. In her will Mrs. Hampton named her son Charles Hampton and her daughter Leona S. Hampton as executor and executrix of her will. Leona S. Hampton predeceased the testatrix and on April 28, 1965, Charles Hampton, appellant here, qualified alone as executor under the will. Appellant performed in this capacity until July of 1971 when letters of dismission were issued by the DeKalb County Court of Ordinary.

While serving as executor, appellant filed in his individual capacity a claim against the estate amounting to $10,787.31 for "expenditures on behalf of and services rendered to Leona W. Hampton during the years 1953 through 1964 inclusive." Prior to his discharge by the court of ordinary appellant executed a warranty deed to

himself from the estate, conveying the old homeplace and 2.1 acres of land in DeKalb County, in satisfaction of his claim.

In December of 1972, Louise Hampton Taylor, appellee here, filed a petition in the DeKalb County Superior Court in which she alleged that the defendant had fraudulently obtained his discharge as executor of the estate of Leona W. Hampton and asked that, among other things, Charles Hampton be "temporarily and permanently restrained and enjoined from conveying or dissipating any of the assets of the estate of Leona W. Hampton . . ." Plaintiff further asked that the warranty deed that the defendant, as executor, had conveyed to himself in satisfaction of his claim against the estate be canceled and set aside, with all proceeds from the sale of the property being distributed in accordance with the provisions in the will.

A rule nisi issued and after hearing evidence the trial court granted plaintiff appellees' request for a temporary injunction. This ruling was appealed and we affirmed the trial court's judgment in *Hampton v. Taylor,* 230 Ga. 602 (198 SE2d 316).

The matter came on for trial and resulted in a directed verdict for the plaintiff appellee. The appellant is contending in this appeal that it was error for the trial judge to direct a verdict for the plaintiff appellee in this case since the requisite elements of fraud required by Code § 113-2303 to set aside the dismissal of an executor were not proven. *Held:*

We do not agree and affirm the judgment of the trial court.

The will in question here provided that all of the testatrix' property, both real and personal be distributed among her children or their representatives per stirpes. The will further provided that Charles Hampton, the executor appellant here, should "be given first choice of buying the homeplace." We held in *Hampton v. Taylor,* supra, that appellant's conveyance of the real estate to himself was erroneous under the clear terms of the will.

In the situation presented by this case the mere fact that appellant had expended monies for the support of his mother in her declining years in no way validates his

claim to the real property. Code § 3-107 states that "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof; *but this presumption does not usually arise in cases between very near relatives.*" (Emphasis supplied.) When services and expenditures such as the ones present here flow from a son to his mother they are presumed to be gratuitous. Code § 108-116. The evidence presented here was not sufficient to rebut the presumption and the trial court did not err in directing the verdict. The appellant fraudulently represented to the court of ordinary that he fully administered his mother's estate, when he had in fact conveyed real property to himself contrary to the provisions of the will. Code § 113-2303 provides: "A discharge obtained by the administrator by means of any fraud practiced on the heirs or the ordinary is void, and may be set aside on motion and proof of the fraud." Absent any showing by appellant of an actual agreement between himself and the testatrix the trial court did not err in directing a verdict, ordering that appellant's conveyance and discharging as executor be set aside, and ordering that the proceeds from the sale of the house be distributed among the children or their representatives, as long, as is provided in the will, appellant has the first opportunity to purchase the real estate.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 27 — DECIDED OCTOBER 17, 1974.

*Hendon, Egerton, Harrison & Glean, E. T. Hendon, Jr.,* for appellants.

*Mackay & Elliott, Thomas W. Elliott,* for appellee.