## 30399. SCALES v. SCALES.

UNDERCOFLER, Presiding Justice.

This appeal is from a divorce verdict and judgment providing, "Temporary use of the 6.2 acres of land described herein below, together with the dwelling located thereon, is awarded to plaintiff until the youngest child Felica, has attained the age of 18 years. Upon said child attaining the age of 18 years, the property shall be equally divided between plaintiff and defendant. In the meantime, plaintiff is ordered to maintain the dwelling located upon the property together with paying all utilities and defendant is ordered to pay all hazard insurance and taxes until said child shall attain the age of 18 years." The plaintiff, Sylvia Adams Scales, contends that she owned said dwelling and therefore the verdict and judgment constitute an illegal award of alimony from the wife to the husband and countenance a fraudulent conveyance.

The evidence shows that the house was originally purchased by the wife's brother for $7,250 in 1960, that he

borrowed $5,000 to pay for the property, that the husband was a minor at the time of the purchase, that the title to the property was then conveyed to the husband on condition that he pay the outstanding indebtedness, that the husband testified that when he tried to pay his brother-in-law the remaining $2,250 on the purchase price he was told that it was a gift, the wife testified that her family helped pay some of the notes on the property, and that she had not worked outside the home since the children were born. In 1970 the husband conveyed the property to the wife by warranty deed.

The husband testified that he conveyed the property to his wife because, "I was driving a truck and I had a friend that had a wreck and they taken everything he had, taken his home and everything cause it was his fault and they sued him and took everything he had." *Held:*

The appellee husband contends that an implied resulting trust was established by the evidence.

Code § 108-116 provides: "As between husband and wife, parent and child, and brothers and sisters, payment of purchase money by one, and causing the conveyance to be made to the other, shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted." To rebut the presumption of a gift, the appellee must show that a resulting trust was contemplated by both parties by way of an understanding or agreement. *Williams v. Thomas,* 200 Ga. 767 (38 SE2d 603) (1946); *Jackson v. Jackson,* 150 Ga. 544, 554 (104 SE 236) (1920); *Kimbrough v. Kimbrough,* 99 Ga. 134 (25 SE 176) (1896); *Vickers v. Vickers,* 133 Ga. 383 (65 SE 885, 24 LRA (NS) 1043) (1909). "This understanding or agreement, either express or shown by the nature of the transaction, the circumstances or the conduct of the parties, must have existed at the time the transaction was consummated. See *Williams v. Thomas.* . . Because the appellees offered no evidence as to any such understanding or agreement existing at the time the conveyance was made, the presumption of gift stands unrebutted." *Whitworth v. Whitworth,* 233 Ga. 53, 57 (210 SE2d 9) (1974).

Since the evidence did not authorize an implied resulting trust in favor of the husband, the jury was not

authorized to award the husband a portion of the wife's property. Therefore, it is directed that the quoted portion of the jury's verdict and the judgment entered thereon which awards the husband a portion of the wife's property be stricken. Code § 110-112; *Barnes v. Barnes,* 230 Ga. 226 (196 SE2d 390) (1973).

*Judgment reversed in part with direction. All the Justices concur.*

ARGUED OCTOBER 14, 1975 — DECIDED OCTOBER 28, 1975.

*Webb, Fowler & Tanner, Jones Webb, J. L. Edmondson,* for appellant.
*Cheeley & Chandler, Joseph E. Cheeley,* for appellee.