## 32309. GORMAN v. GORMAN.

BOWLES, Justice.

The case originated by the filing of a complaint for a divorce and permanent alimony by the appellant, Marcelle Gorman, in the Superior Court of Cobb County. In her complaint she petitioned for a divorce on grounds of adultery and prayed that she "be awarded temporary and permanent alimony and support for herself and the said minor children," and that "she be awarded such other and further relief as the court deems proper under the circumstances."

The appellee, husband, answered and counterclaimed, praying that he be granted a total divorce on the ground that the marriage was irretrievably broken and upon the statutory ground of cruel treatment. In answering the complaint, appellee stated that in contemplation of their separation he had entered into an agreement with the appellant on January 1, 1976, and had executed several warranty deeds to the appellant conveying to her an undivided one-half interest in several pieces of real property owned by him. He further prayed that he "be awarded the permanent use and title in fee simple of all property standing in his name or in the names of the plaintiff and defendant as co-tenants," and that he "have such other and further relief as the court deems just and proper. . ."

Prior to a hearing on the merits, the parties filed a stipulation concerning their real and personal properties. This stipulation set out both the husband's and wife's interests, any secured indebtedness, and payments due on each piece of real property jointly owned and the opinion of each on values. The parties further stipulated that this document was to be used for the purpose of being introduced into evidence in the case. Each party also filed with the court their proposed recommendations for the settlement of property, alimony and child support. Appellant's proposal for settlement of property, alimony and child support asked that she be awarded the family home but that all other real estate be retained in the joint names of the parties. The appellee's proposed recommendation for settlement of property contemplated

an equitable division so as to divide the property equally between the parties but granting to the wife title to the family home. Both recommendations referred separately to division of property and alimony as being different awards by the court.

The final judgment and decree was entered in July, 1976. It also referred to alimony and division of real property in separate captions. In its award of "alimony" the court ordered appellee to pay attorney fees in the amount of $400.00. No award of money other than child support was granted to the appellant although she received certain personal properties. The court's "division of property," however, granted permanent use, control and title in certain real properties, held by the parties jointly, to the wife while at the same time, granted the husband title to certain others. More specifically, the court granted the wife two parcels of real estate; the first being the family home, the equitable interest of the parties as declared being between $27,000 according to the wife's stipulation and $47,000 per the husband's; the second being a house and garage apartment, the equitable interest of the parties being $22,000 as stipulated by both. The husband was granted title to the real estate which comprised his business, the equitable interest of the parties being between $27,000 per the husband and $52,000 per the wife, and was given title to a vacant lot next to the family home, the equitable interest of the parties in this property being between $3,500 (wife's value) and $5,000 (husband's value). Each party was also ordered to make all monthly payments including taxes, assessments, and other fees as an obligation payable by the new owner of each parcel.

Thus the wife received equities in real estate in fee, valued at $49,000 (wife's value) and $69,000 (husband's value). The husband received equities of $55,000 (wife's value) and $32,000 (husband's value).

Appellant filed notice of appeal from this Final Judgment and Decree alleging that the court had violated Code Ann. § 30-201 in awarding property owned by her to her husband. She also contended that the court had no legal authority to require her to make payments respecting the property which was awarded to her. We

find her enumerations of error to be without merit and affirm.

1. The appellant contends that the court's division of property, granting the appellee title to two pieces of real estate that had been jointly held by the parties, is tantamount to an award of alimony to the husband and is therefore illegal under Code Ann. § 30-201. She argues that the present case is controlled by our decisions in *Byrd v. Byrd,* 238 Ga. 569 (233 SE2d 799) (1977); *Scales v. Scales,* 235 Ga. 509 (220 SE2d 267) (1975); and *Barnes v. Barnes,* 230 Ga. 226 (196 SE2d 390) (1973). We disagree.

In *Byrd,* supra, *Scales,* supra, and *Barnes,* supra, this court stated that Code Ann. § 30-201 is violated when a *jury's verdict* awards a wife's interest in certain real property to her husband. These cases, however, are distinguishable from the present case. Here the parties were tenants in common to several parcels of real estate which they asked the court to divide and each prayed for general relief. In addition, in the present case the division and award of properties was made by the *court* and not, as in the previous cases, by the *jury.*

"Proceedings for a divorce and for alimony have always, under the practice in this state, been regarded as equitable." *Holloway v. Holloway,* 233 Ga. 631, 632 (212 SE2d 809) (1975); *Flournoy v. Flournoy,* 228 Ga. 224 (184 SE2d 822) (1971); *Hendrix v. Hendrix,* 224 Ga. 662 (163 SE2d 917) (1968); *Moss v. Moss,* 196 Ga. 340, 345 (26 SE2d 628) (1943); *Rogers v. Rogers,* 103 Ga. 763, 765 (30 SE 659) (1898). One commonly recognized maxim of equity states that equity seeks to do complete justice, and "having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit." See Code Ann. § 37-105. Further, in equity, "a superior court shall have full power to mold its decree so as to meet the exigencies in each case." Code Ann. § 37-1203.

In the present case, both parties had, in their pleadings, prayed for "further relief as the court deems *just* and *proper."* (Emphasis supplied.) The court had the pleadings before it, stipulations as to value of the jointly held properties, and each party's proposed division. A

superior court which has general equitable powers has jurisdiction to partition property under Code Ann. § 85-1501. Therefore, instead of awarding a wife and husband an undivided one-half interest in all property which they already had, and requiring a subsequent partitioning suit to divide, equity and judicial convenience demands that a trial judge have the power, where requested by the parties, to equitably divide property between the husband and wife to avoid further litigation and to do complete justice. In light of this, we find that the court's award of the wife's joint interest in two pieces of the commonly owned property to the husband was not an award of alimony in violation of Code Ann. § 30-201 but an equitable partition of properties held by the two as tenants in common, thus affording general relief as prayed. The division made was well within the range of the evidence.

2. Appellant enumerates as error the court's order making her responsible for the payment of all monthly indebtedness, taxes, insurance premiums and other fees and assessments relative to the real estate awarded to her.

"Where equity acquires jurisdiction for any purpose it will retain jurisdiction to give full and complete relief, whether legal or equitable, as to all purposes relating to the subject matter." *Fuller v. Dillon,* 220 Ga. 36 (1f) (136 SE2d 733) (1964); Code Ann. § 37-105. The court in making an equitable division of the properties had the power to award the fee simple interest to the wife and require *her* to pay any outstanding indebtedness on the properties, including taxes, insurance, and other fees and assessments. Thus appellant's enumeration of error No. 2 is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 11, 1977 — DECIDED JUNE 28, 1977.

*John C. Tyler,* for appellant.
J. B. Gorman, *pro se.*