## 34889. REAVES v. REAVES.

JORDAN, Justice.

This appeal arises from an order of the trial court awarding the parties a total divorce and awarding the husband the family residence plus certain money withdrawn by the wife from their joint bank accounts immediately after their separation.

Appellant wife and appellee husband were married for sixty-nine days. During that time, the parties purchased a house in both of their names, appellee husband making a down payment of $10,000, and executed a joint security deed and promissory note for the remainder of the purchase price. They opened three joint banking accounts. After they separated, appellant withdrew a total of $8,500 from two of the accounts.

The parties agreed that the marriage was irretrievably broken, and appellant asked for alimony and for "such other and further relief as to the Court seems fair and just." The appellee counterclaimed asking for full ownership of the house and the return of money withdrawn by his wife from their joint accounts. The trial judge granted the divorce and awarded the appellee husband appellant's one-half, undivided interest in the house and ordered the appellant to pay the appellee $4,000. Appellant claims that this order constituted an

award of alimony to the husband and contravened Georgia law as it existed at the time of the trial judge's order.

Neither party raised the constitutionality of Georgia's divorce and alimony laws in the trial court, and, therefore, no constitutional issue is presented in this appeal. *Kosikowski v. Kosikowski,* 243 Ga. 413 (254 SE2d 363) (1979).

While Georgia law effective at the time this case appeared before the trial court did not make awards of alimony available to husbands, this court has held that in divorce cases heard without a jury, as equitable proceedings, a trial judge may divide property as equity demands, regardless of which party receives an award. *Gorman v. Gorman,* 239 Ga. 312 (236 SE2d 652) (1977); *Acker v. Acker,* 240 Ga. 592 (242 SE2d 107) (1978).

As to the money appellant was ordered to pay the appellee, the trial judge, in exercise of his equity powers, had the authority to divide the jointly owned property of the parties as the court found just and proper. Code Ann. § 85-1501. The facts as stipulated to by the parties showed that the money deposited in the joint bank accounts from which appellant made withdrawals had belonged to the appellee and that the parties had been married for a little over two months before the appellant withdrew $8,500. Again following the reasoning in *Gorman,* supra, since the appellant prayed for such "further relief as to the court seems fair and just," it was proper for the trial judge to divide the jointly held property as equity demanded, and his order accomplishing this did not amount to an award of alimony to the husband out of the wife's estate. 239 Ga. at 314.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs specially.*

SUBMITTED MAY 4, 1979 — DECIDED SEPTEMBER 5, 1979.

*Ben R. Freeman,* for appellant.
*Elliott & Turner, Tyron Elliott,* for appellee.