## 35530. BRALY et al. v. BRALY.

PER CURIAM.

This is an appeal from a judgment awarding the former wife one-half undivided interest in a described tract of real property. The evidence shows that during the period of the marriage the appellant-husband and the appellee-wife were deeded a tract of real property as a gift by the husband's parents. This property was sold approximately two years later, and the proceeds were deposited in a joint saving account in both their names. A portion of these funds was later used to purchase a dwelling, and title to this property was taken solely in the name of appellant-husband. In May 1977, appellee-wife filed a complaint for divorce. The appellant-husband was served on May 5, 1977, and on May 6, 1977, he filed for record a warranty deed on the dwelling conveying it to his mother, who is also an appellant. The divorce petition was dismissed, and a reconciliation was attempted. This failed and the appellee filed a new suit for divorce. On the day before trial a deed on this property from appellant's mother to another individual was filed for record. Appellee-wife filed this suit in February 1978 against her husband, her mother-in-law and the grantee of the latter alleging that she was the owner of a beneficial interest in the dwelling and praying that the court declare her the owner of a one-half undivided interest in the property under an implied trust. The basis of the suit was that although the property was deeded to the husband, it was purchased with joint funds of the husband and wife and the wife acquired an interest to the extent of her contribution. Questions were submitted to the jury in the form of written interrogatories, and the responses were adverse to the appellants. The husband and his mother

appeal.

1. The evidence supports the verdict under the theory of an implied trust. *Shivers v. Hunnicutt,* 220 Ga. 620 (140 SE2d 872) (1965). *Talmadge v. Talmadge,* 241 Ga. 609 (247 SE2d 61) (1978), and *Adderholt v. Adderholt,* 240 Ga. 626 (242 SE2d 11) (1978), involving the proof necessary to rebut the presumption of a gift from husband to wife and establish an implied trust are inapposite. Here we have the reverse situation. Under Code Ann. § 53-506, a gift will not be presumed from the wife to the husband, the evidence to support a gift to the husband must be clear and unequivocal, and the intention of the parties must be free from doubt.

2. The trial court did not err in failing to give the appellants' requests to charge. The charges of the trial court were proper and adjusted to the evidence.

3. We find no error in the interrogatories that were submitted to the jury.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 12, 1979 — DECIDED NOVEMBER 26, 1979.

*Richard D. Phillips,* for appellants.
*Van Cheney,* for appellee.