## 35704. WOODWARD v. WOODWARD.

HILL, Justice.

The parties to this divorce case married in 1965. When they moved here from Virginia in 1973, they sold a jointly owned house and used most of the proceeds to pay debts. Here they lived in a condominium titled in the husband's name. The closing costs on the condominium ($1,200) and some furniture ($2,000) were all that came from the sale of the house in Virginia. There was no down payment on the condominium.

Husband and wife were granted a divorce on February 28, 1978, with other issues reserved for later determination. The wife remarried in October, 1978, and a hearing on property issues was held on March 29, 1979.[1]

-----

[1]At the time of the hearing the former wife had

Under an April 13, 1979, decree, the trial court, sitting without a jury, awarded the husband the family condominium in Atlanta subject to a $3,600 payment to the wife as her interest in the condominium, and awarded $4,800 as attorney fees.[2] The husband appeals the trial court's awards.

1. The husband contends that the award of $3,600 to the wife as "her interest in the condominium" was not authorized under the law or the evidence in this case.

A majority of the court has held that the right to receive alimony ceases upon remarriage. Code Ann. § 30-209; *Coleman v. Coleman,* 240 Ga. 417 (2) (240 SE2d 870) (1977); *Price v. Price,* 243 Ga. 4, 5 (252 SE2d 402) (1979).

There are at least three theories by which a spouse who is barred from receiving alimony may divest the other spouse of his or her title to property without the necessity of showing an express written trust: (1) resulting trust; (2) inceptive fraud; and (3) partitioning of jointly held property. *Hargrett v. Hargrett,* 242 Ga. 725 (251 SE2d 235) (1978) and cits. In the case of *Reaves v. Reaves,* 244 Ga. 102 (259 SE2d 52) (1979), relied upon by the wife, the property was held jointly and the trial court equitably partitioned it. In the case before us the condominium was not titled jointly. Hence the condominium was not partitioned, and no contention regarding inceptive fraud has been made. That leaves only the possibility of a resulting trust.

The wife argues on appeal that an implied resulting trust arose from her continuous employment and contribution to family finances during the thirteen-year marriage. After hearing evidence from both parties, the trial court found that although the family condominium was held in the husband's name, it had been purchased from joint funds and that the wife's earnings had been used for family purposes and she had made contributions

_____

acquired from her new husband title to their $165,000 home.

[2]In this case the hearing preceded and the order followed the effective date of the 1979 amendment to our alimony laws. Ga. L. 1979, p. 466.

toward meeting the monthly obligations on the condominium. The court concluded that the wife "did not intend to make a gift of her earnings and separate estate" and valued her contribution (resulting trust) at $3,600.[3]

Citing Code § 108-116, the husband contends that these payments by the wife are presumed to be gifts. Code § 108-116 provides that "As between husband and wife, parent and child, and brothers and sisters, payment of purchase money by one, and causing the conveyance to be made to the other, shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted."

The wife on the other hand cites Code § 53-506 for the proposition that a gift from a wife to a husband will not be presumed. Code § 53-506 provides that "A wife may give property to her husband, but a gift will not be presumed. The evidence to support it must be clear and unequivocal, and the intention of the parties must be free from doubt."

Apparently these two sections of the Code of 1933 have not been construed together. A gift from a child to a parent has been presumed from § 108-116, *Hampton v. Taylor,* 223 Ga. 63, 65 (209 SE2d 634) (1974), and thus that section is not a one way street; i. e., the section is applicable when the wife, child or sister pays the purchase money as well as when the husband, parent or brother pays it.

Code § 53-506 (a gift from a wife to a husband generally will not be presumed) originated from the case of *Brooks v. Fowler,* 82 Ga. 329 (a) (9 SE 1089) (1889). In that case B. C. M. Brooks purchased 528 acres of land from Turner, paying $500 in down payment, with the balance represented by two promissory notes. Turner knew, according to the allegations of Mrs. Brooks' petition and as the jury's special verdict showed, that the $500 down payment paid by Mr. Brooks to Turner belonged to Mrs. Brooks. After Turner obtained judgment on the

---

[3]The husband also contends that the trial court erred in valuing the condominium as of the date of the award rather than the date of the divorce. If the wife owned an interest in the condominium, the date of the award was the proper date for determining the value of that interest.

promissory notes, he sought to levy on the land titled in Mr. Brooks' name. Mrs. Brooks enjoined the levy so as to establish her claim. The court found that, no gift to her husband being presumed, Mrs. Brooks was entitled, pursuant to an implied trust created by virtue of what is now Code § 108-106 (1), to an interest in the land equal to her pro rata share of the purchase price.

Code § 108-116 (as between spouses, payment of the purchase money by one and causing title to be made to the other, shall be presumed to be a gift, but the presumption may be rebutted and a resulting trust may be shown) originated from the case of *Printup v. Patton & Jackson,* 91 Ga. 422, 434 (8) (18 SE 311) (1893). In that case, the plaintiffs sued the alleged owner of a ferry and the ferry operator for the drowning of a horse. The law at that time provided that the owner of the land on which a ferry was located was liable for the negligence of the ferryman unless the ownership of the ferry be separated from the ownership of the land.

J. C. Printup denied owning the land but the plaintiff apparently tried to show that J. C. Printup's father paid the consideration for the purchase of the land and that title was taken in the payor's brother's name. Plaintiffs sought to show that upon the death of the payor, J. C. Printup inherited an interest in the land. The trial court charged the jury that if J. C. Printup's father paid the purchase price of the land and that title was taken in the name of the payor's brother, then upon the payor's death J. C. Printup would be an owner of the land and would be liable as an owner of the ferry. This court reversed, saying among other things, that (91 Ga. at 434): "As between husband and wife, parent and child, brother and brother, or sister and sister, payment of the purchase money of land by one of the correlatives, and causing the conveyance to be made to the other, will generally suggest an intention to make a gift. This may or may not prevent a resulting trust, according to the circumstances of the particular transaction. Certainly, a trust for the benefit of the one paying the money does not necessarily result."

The court in *Printup,* supra, did not refer to *Brooks v. Fowler,* supra, and no single case has been found considering those two decisions or the two Code sections

which they spawned. The difference between these two cases is that in *Brooks v. Fowler,* supra, the "purchaser" used money belonging to his spouse and took title to the land *in his own name* (no gift from the wife will be presumed), whereas in *Printup v. Patton & Jackson,* supra, the purchaser used his own money and put title to the land *in the name of another person* (his brother in that case; gift to such relative will be presumed). We find that the difference between these two cases shows the difference between the two Code sections.

In the case before us, the wife had a one-half interest in the money which the husband used to take title to the condominium in his own name. The trial court did not err in awarding the wife "her interest in the condominium." *Braly v. Braly,* 244 Ga. 773 (262 SE2d 94) (1979), was correctly decided even though it appears to have been based on the sex of the donor of the alleged gift. Compare Orr v. Orr, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979).

The cases of *Scales v. Scales,* 235 Ga. 509 (220 SE2d 267) (1975), and its progeny are not applicable here. In *Scales* the owner (husband) conveyed title from himself to his wife; the title in issue there was not taken by the husband in his own name.

2. The husband alleges that the award of $4,800 as attorney fees constituted an abuse of the trial court's discretion. We cannot find on this record that the attorney fees, although larger than the property award, constituted an abuse of discretion. *Coleman v. Coleman,* 240 Ga. 417, supra.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1980 — DECIDED APRIL 8, 1980.

*Hilton M. Fuller, Jr.,* for appellant.
*Jack P. Turner, John P. Wilson, III,* for appellee.