36833, 36834. CITIZENS & SOUTHERN NATIONAL BANK v. MARTIN; and vice versa.

UNDERCOFLER, Chief Justice.

Rosabel Alice Wood Martin inherited fourteen acres of property located at Hightower and Simpson Roads in Atlanta, which had been purchased by her grandfather prior to the War Between the States. In the early 1960s, she deeded the property to her husband by warranty deed wherein title remained until his death in October, 1978. In his will, he devised this property to the Rosabel and James V. Martin Foundation which he established for charitable purposes. Mrs. Martin then filed this suit against the C & S National Bank as executors of Martin's estate, claiming the property under a resulting trust theory. The jury agreed and C & S appeals. We affirm.

---

1. C & S urges that there was no evidence of any agreement or understanding of trust at the time of the conveyance to rebut clearly and convincingly the presumption of a gift.[1]

The applicable rule is aptly set out in *Scales v. Scales,* 235 Ga. 509 (220 SE2d 267) (1975): "Code § 108-116 provides: 'As between husband and wife, parent and child, and brothers and sisters, payment of purchase money by one, and causing the conveyance to be made to the other, shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted.' To rebut the presumption of a gift, the appellee must show that a resulting trust was contemplated by both parties by way of an understanding or agreement. *Williams v. Thomas,* 200 Ga. 767 (38 SE2d 603) (1946); *Jackson v. Jackson,* 150 Ga. 544, 554 (104 SE 236) (1920); *Kimbrough v. Kimbrough,* 99 Ga. 134 (25 SE 176) (1896); *Vickers v. Vickers,* 133 Ga. 383 (65 SE 885, 24 LRA (NS) 1043) (1909). *'This understanding or agreement, either express or shown by the nature of the transaction, the circumstances or the conduct of the parties, must have existed at the time the transaction was consummated. See Williams v. Thomas . . .' "* (Emphasis supplied.) Accord, *Epps v. Wood,* 243 Ga. 835 (257 SE2d 259) (1979); *Adderholt v. Adderholt,* 240 Ga. 626 (242 SE2d 11) (1978); *Rigby v. Powell,* 236 Ga. 687 (225 SE2d 48) (1976). We find that the evidence presented meets this test.

Mrs. Martin claims that she deeded her husband her property because he managed all of their business affairs and dabbled in real estate while she ran the motel they owned. Martin planned to develop the land into a shopping center, and made unsuccessful efforts in this regard to have the property rezoned. Mrs. Martin presented several other witnesses who testified that Martin, for nearly 20 years, had consistently referred to the property as belonging to his wife and had bragged that he planned to develop the property and "make his wife a rich woman." In addition, in 1974, while negotiating a lease of some of the property for parking with the Berean Seventh Day Adventist Church, Martin made clear to the church council that he had to consult with his wife in order to get her approval of any agreement they might enter into.

We find that the circumstances surrounding the nature of the

---

[1] At trial, Mrs. Martin argued that Code Ann. § 53-506 rather than Code Ann. § 108-116 controlled the trial of this case, but the court nevertheless charged only on the latter section. This required Mrs. Martin to meet a higher burden of proof. Since she has prevailed even under this higher burden, this issue has not been raised here. Compare *Woodward v. Woodward,* 245 Ga. 550 (266 SE2d 170) (1980). Consequently we do not address it.

transaction and the conduct of the parties in treating the property as belonging to Mrs. Martin meet the test set out in *Scales,* supra, and support the jury's verdict in her favor. Case No. 36833 is affirmed.

2. In her cross-appeal, Mrs. Martin seeks reversal of the trial court's order striking her claim for attorney fees and expenses of litigation on the grounds of the executor's bad faith. Under the facts of this case, Mrs. Martin as a matter of law is not entitled to these costs. Case No. 36834 is also affirmed.

*Judgments affirmed. All the Justices concur, except Marshall, J., who concurs in the judgment only, and Hill, J., who dissents.*

ARGUED NOVEMBER 18, 1980 — DECIDED NOVEMBER 25, 1980.

*Westmoreland, Hall, McGee, Warner & Oxford, C. Wilbur Warner, Jr., John L. Westmoreland, Jr., John C. Mayoue,* for appellant.

*J. Ralph McClelland, Jr., J. Ralph McClelland, III,* for appellee.