In re Jay W. BOULDIN, Debtor.

Richard D. ELLENBERG,
as Trustee, Plaintiff,

v.

Jay W. BOULDIN, Phillis F. Bouldin, United States of America, d/b/a The Internal Revenue Service (An Agency of the Department of Treasury), Defendants.

Bankruptcy No. 85–00262.
Adversary Nos. 86–0729, 94–6709 [1].

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 15, 1996.

---

[1]. Pursuant to Order entered February 3, 1995, Adversary Proceeding Nos. 86–0729 and 94–6709 were consolidated and all future pleadings were to be filed in **86–0729** and all docket entries were to be made in case file **86–0729**.

Richard D. Ellenberg, Atlanta, GA, for Plaintiff.

Jay W. Bouldin, Jonesboro, GA, Mark S. Mesler, District Counsel, IRS, Atlanta, GA, for Defendants.

## ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

This adversary proceeding is before the court on Plaintiff's motion for summary judgment. Plaintiff seeks to avoid Debtor's transfer of real property as a fraudulent transfer pursuant to 11 U.S.C. § 548 or under state law pursuant to 11 U.S.C. § 544, or, alternatively, as a preferential transfer pursuant to 11 U.S.C. § 547.[2] Plaintiff also seeks summary judgment on Defendants' counterclaim against Plaintiff and seeks summary judgment in the consolidated adversary proceeding against the U.S. Internal Revenue Service ("IRS"). Defendants Jay and Phillis Bouldin oppose Plaintiff's motion. The IRS filed no response to Plaintiff's motion for summary judgment.

## STATEMENT OF FACTS

Defendants are husband and wife and have been husband and wife at all times relevant to this adversary proceeding. Defendant husband is the Chapter 7 debtor in the main bankruptcy case. Plaintiff is the Chapter 7 Trustee. By warranty deed dated August 15, 1984, Debtor transferred the marital residence located at 844 Mundys Mill Road, Jonesboro, Georgia (the "Property"), to his wife. That warranty deed was recorded Sep-

tember 7, 1984. At the time of the transfer, judgments had been entered against Defendant and lawsuits against Debtor were pending or threatened. Debtor filed his bankruptcy petition January 18, 1985.

The warranty deed transferring the Property from Debtor to his wife recited the consideration as "love and affection and other valuable consideration." No transfer tax was paid. No funds were paid to Debtor by his wife and no other real or personal property was transferred to Debtor by his wife in exchange for the Property. Both Debtor and his wife continued to reside at the Property and Debtor, in fact, moved his law practice to the residence.

During years prior to the transfer, Debtor's wife had worked as a legal assistant in Debtor's law practice. She had received no compensation for her services and was not carried on Debtor's books as an employee. No documentation of any wages owed to Debtor's wife have been produced by Defendants. During her deposition, Debtor's wife testified that she did not consider the transfer of the Property to have been compensation for her prior work for Debtor.

Debtor's wife testified that the transfer of the Property was a property division on account of Defendants' intended separation. Both Debtor and his wife testified in their depositions that they were having marital problems near the time of the transfer. Debtor was involved in an acrimonious dispute involving certain commercial real property (the "Commercial Property") partially owned by Debtor. Debtor's law office operated from the Commercial Property. Debtor's wife testified that, in anticipation of divorce, Debtor and his wife intended that title to the marital residence, the Property, would be transferred to Debtor's wife and Debtor would retain title to the Commercial Property. Defendants' testimony also shows, however, that no bona fide separation occurred[3]

---

2. The complaint asserted an objection to Debtor's discharge and a request for payment of rent. The objection to discharge was denied as untimely filed and Plaintiff has abandoned the claim for rent because Defendant have paid the mortgage payments during the pendency of this adversary proceeding.

3. At one point, Debtor testified that, at some time during 1984, Debtor's wife left and spent approximately two weeks with her mother. The departure of Debtor's wife from the Property, however, is hardly consistent with a transfer of the Property to her in consideration of a *bona fide* marital separation or divorce.

and no legal proceedings respecting a separation or divorce were ever filed by either Defendant. At all relevant times, Defendants resided together in the Property, both before and after the transfer.

Debtor was insolvent at the time of the transfer, as Debtor's liabilities exceeded his assets. Debtor argues that a substantial portion of his liabilities were represented by liens on the Property; specifically, a federal tax lien, several judgment liens and a first mortgage lien. Debtor asserts that those liens "went with" the Property when Debtor transferred it to his wife. Debtor does not allege that his personal liability for those debts was satisfied or otherwise cancelled. Therefore, as they remained personal liabilities of Debtor, the computation of liabilities for purposes of determining solvency was unchanged by the transfer. Debtor did, however, deprive himself of an asset, i.e. the Property. As a result, the value of Debtor's assets totalled less than the total amount of Debtor's liabilities.

Defendants contend the transfer was supported by fair consideration: Debtor asserts the transfer was to repay his wife for her services in his law practice. Debtor's wife asserts the transfer was in consideration of the parties' separation and contemplated divorce. Defendants also assert that the transfer was to repay Debtor's wife for her contribution to the purchase of the Property. Defendants show that, prior to acquisition by Debtor of the Property, Defendants jointly owned two other parcels of improved real property. Those parcels were sold and the proceeds used to purchase the Property, which was originally titled solely in Debtor's name. Defendants contend, therefore, that the transfer of the Property to Debtor's wife was to repay her for her contribution to the purchase price of the Property.

In Defendants' depositions, they testify that the Property was titled in Debtor's name only because Debtor, an attorney, performed the closing on the Property and Debtor's wife, who was working as his legal assistant, acted as an official witness to the execution of the deeds. As she could not act as witness to a deed in which she herself was grantor or grantee, expediency demanded that she not be included on the title to the Property as an owner. She stated, however, that she considered one-half of the Property hers and that from the outset, she and Debtor had intended at some subsequent time to title the Property jointly in the name of Debtor and his wife. Debtor's wife testified, however, that Debtor's 1984 transfer of the Property to her was not intended to correct the original failure to place title in the Property in Debtor and Debtor's wife jointly. Debtor's wife maintains that her interest in the Property arose from her status as Debtor's wife and that the transfer of title to the Property was intended as a property division in connection with the anticipated separation and divorce.

In Defendants' counterclaim against Plaintiff, Defendants assert Plaintiff breached his fiduciary duty as Chapter 7 Trustee when he abandoned the Commercial Property owned by Debtor. In accordance with 11 U.S.C. § 554 and Bankruptcy Rule 6007, Trustee determined that the Commercial Property possessed insufficient equity or was burdensome to the estate, and thus did not merit administration by the Chapter 7 Trustee. Trustee filed a notice of abandonment to which Defendants had an opportunity to object. Neither Defendant filed an objection. The Commercial Property was abandoned to Debtor and subsequently it was sold by a receiver appointed by a state court. Debtor received no proceeds from that sale.

Finally, in the adversary proceeding Plaintiff filed against the IRS, Plaintiff contends that, if the transfer of Property from Debtor to his wife is avoided as either a fraudulent or preferential transfer, the federal tax lien on the Property is void, as the tax lien is for taxes owed by Debtor's wife. The IRS filed no response to Plaintiff's motion for summary judgment and the Bouldins offered no opposition to Plaintiff's assertions *vis a vis* the IRS.

## CONCLUSIONS OF LAW

Pursuant to FRCP 56(c), incorporated in Bankruptcy Rule 7056, a party moving for summary judgment is entitled to prevail if no genuine issue as to any material fact exists and the moving party is entitled to

judgment as a matter of law. The burden of proof is on the moving party to establish that a genuine issue of material fact is absent. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Evidence is construed in the light most favorable to the nonmoving party. *Id.; Rollins v. TechSouth, Inc.*, 833 F.2d 1525 (11th Cir.1987).

■ If the moving party satisfies its burden to show an absence of a genuine issue of material fact, the burden of going forward shifts to the opposing party to show that a genuine issue of material fact exists. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608; *Clark*, 929 F.2d at 607. This is so regardless of which party has the burden of proof at trial. *Id.* "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1985). If the evidence from the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50, 106 S.Ct. at 2510–11. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Id.* at 252, 106 S.Ct. at 2512. The nonmoving party must do more than cast some metaphysical doubt on movant's assertions; the nonmovant must present specific, significant, probative evidence supporting its case sufficient to require the trier of fact to resolve the different versions of the truth at trial. *Christians v. Crystal Evangelical Free Church (In re Young)*, 148 B.R. 886 (Bankr. D.Minn.1992).

■ Where the judge is also the ultimate trier of fact, and where a trial would not enhance the court's ability to draw inferences and conclusions from undisputed facts, the court is free to draw such inferences and conclusions within the context of a motion for summary judgment. *Wick v. Tucson Newspaper, Inc.*, 598 F.Supp. 1155 (D.Ariz.1985); *Nunez v. Superior Oil Co.*, 572 F.2d 1119

(5th Cir.1978).[4] The court may not, however, weigh conflicting evidence to resolve factual disputes; if a genuine issue of material fact is found, summary judgment must be denied. *Ryder International Corporation v. First American National Bank*, 943 F.2d 1521 (11th Cir.1991).

## FRAUDULENT TRANSFER

■ Section 548 of the Bankruptcy Code provides:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

. . . . .

(2) In this section—

(A) "value" means property, or satisfaction or securing of a present or antecedent debt of the debtor, but

---

**4.** *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981), renders decisions of the Fifth Circuit issued prior to September 30, 1981, binding precedent for the Eleventh Circuit.

does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor[.]

Plaintiff has established a *prima facie* claim for a fraudulent transfer under § 548(a)(2): The transfer occurred August 15, 1984, less than one year before Debtor's case commenced January 18, 1985. The transfer appears to have been for less than the reasonably equivalent value of the Property. The warranty deed from Debtor to his wife recites the consideration for the transfer was "love and affection" and "other valuable consideration." The deed contains a blank space for the dollar amount of such "other" consideration, which indicates that no money or property was transferred to Debtor by Debtor's wife to acquire the Property. The computation of Debtor's assets and liabilities show Debtor was insolvent at the time of the transfer.

Defendants contend, however, that the transfer was supported by valuable consideration, i.e. the satisfaction of an antecedent debt. Defendants assert any one of three antecedent debts could support the transfer: First, the debt owed as compensation for services performed by Debtor's wife in Debtor's law practice; second, an equitable division of property in anticipation of separation and divorce; and third, repayment of Debtor's wife's share of the proceeds from the sale of jointly held property.

The transfer as compensation for Debtor's wife's services as legal assistant is unsupported by the facts. Debtor's wife testified in her deposition that she never considered the transfer compensation for previous work. Additionally, Defendants offered no documentation or evidence of the value of the services performed by Debtor's wife. Debtor presented no books and records from his business to document wages payable to his wife as an accrued expense. Defendants presented only approximate dates for the time Debtor's wife worked for Debtor. No hourly rates or any other evidence of a specific amount owed has been presented. Defendants' bare assertions are insufficiently probative to impugn the representation manifest on the deed from Debtor to his wife that the transfer was made without valuable consideration.

The equitable division of property in anticipation of Defendants' separation and divorce fails as consideration for the transfer because the parties were never separated or divorced. The Defendants' testimony, especially that of Debtor's wife, shows that Debtor and his wife were having marital difficulties, that Debtor's wife was extremely displeased with Debtor's behavior, and that Debtor's wife was planning separation and divorce. No evidence or testimony shows, however, that any *bona fide* separation ever occurred. Therefore, an equitable division of marital property cannot serve as consideration for the transfer.

Finally, repayment of Debtor's wife's share of the proceeds from the sale of the previously jointly held property fails as reasonably equivalent consideration for the transfer. Defendants showed that, prior to the purchase of the Property, Defendants owned two parcels of real property jointly. Those two parcels were sold and the proceeds used to purchase the Property. At the time of the closing of the purchase of the Property, it was expedient to place title to the Property in Debtor's name alone. Debtor's wife stated, however, that she considered herself as owning a one-half interest in the Property.

A resulting trust may be implied whenever legal title is in one person but the beneficial interest is wholly or partially in another person as a result of payment of purchase money. *Georgian Villa, Inc. v. City National Bank of Birmingham (In re The Georgian Villa, Inc.)*, 10 B.R. 79 (Bankr. N.D.Ga.1981) (J. Robinson). The intention of the parties is an essential element of a resulting trust. *Id.; Hall v. Higgison*, 222 Ga. 373, 149 S.E.2d 808 (1966). If the payor of the purchase money and the transferee of the property are husband and wife, the transfer is presumed to be a gift but that presumption is rebuttable. O.C.G.A. § 53-12-92(c). Parol proof of conduct, circumstances, and declarations is admissible to show the intent of the parties. *Talmadge v. Talmadge*, 241 Ga. 609, 247 S.E.2d 61 (1978).

The case of *Braly v. Braly*, 244 Ga. 773, 262 S.E.2d 94 (1979), is persuasive. In *Bra-*

*ly*, during the marriage, the husband and wife had been deeded real property as a gift from the husband's parents. Two years later, the property was sold and a portion of the proceeds from that sale were used to purchase property which was titled in the husband's name only. The wife claimed a beneficial interest in the purchased property to the extent of her contribution from the joint funds used to purchase the property. The jury verdict in her favor was affirmed by the Georgia Supreme Court.

The court distinguished those cases in which property was purchased entirely with the husband's funds and then titled in the wife's name. In such cases, the mere denial by the husband that he intended a gift is insufficient to rebut the presumption of a gift. The court recognized that the facts in *Braly* present "the reverse situation" and held that under the facts in *Braly*, a gift would not be presumed.

 If the 1984 transfer of the Property from Debtor to his wife had been only a one-half interest in the Property, Defendants' assertion that the transfer was merely repayment to Debtor's wife for her joint interest in the proceeds which were used to purchase the Property would be plausible. Debtor did not, however, transfer a one-half interest to his wife. Debtor transferred the entire fee simple interest in the Property to his wife. Such inconsistency renders Defen-

dants' assertion no more than a "metaphysical doubt" and insufficient to disturb Plaintiff's factual showing which establishes a fraudulent transfer under both 11 U.S.C. § 548 and under O.C.G.A. § 18-2-22 [5] and 11 U.S.C. § 544.[6] Additionally, Debtor's wife testified that she did not intend the transfer of the Property to be repayment for her interest in the proceeds from the sale of previous property. This denial by Debtor's wife bolsters a conclusion that the inconsistency of transferring a 100% interest in the Property when Debtor's wife at most had a right to no more than a 50% interest in the Property renders Debtor's argument unsupported and without merit.

## PREFERENTIAL TRANSFER

 The finding by this court that the transfer from Debtor to his wife was a fraudulent transfer, avoidable by Trustee, obviates the necessity for a determination on Trustee's contentions regarding avoidance of the transfer as preferential. Nevertheless, an alternative analysis of the transfer as a preferential transfer is appropriate.

 Section 547(b) of the Bankruptcy Code provides that a trustee may avoid a transfer to an insider [7] of an interest of the debtor in property if the transfer was (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) made

---

**5.** Georgia's fraudulent conveyance statute, O.C.G.A. § 18-2-22 provides:

> The following acts by debtor shall be fraudulent in law against creditors and others and as to them shall be null and void:
> (1) Every assignment or transfer by a debtor, insolvent at the time, of real or personal property or choses in action of any description to any person, either in trust or for the benefit of or on behalf of creditors, where any trust or benefit is reserved to the assignor or any person for him;
> (2) Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description had or made with intention to delay or defraud creditors, where such intention is known to the taking party; a bond fide transaction on a valuable consideration, where the taking party is without notice or ground for reasonable suspicion of said intent of the debtor, shall be valid; and

> (3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance.

When the debtor retains possession of the property after a purported absolute conveyance, fraud may be inferred. *Hilburn v. Hightower*, 178 Ga. 534, 173 S.E. 389 (1934). The test for insolvency is whether the value of the debtor's remaining property is sufficient to pay in full all of his debts. *Goodman v. Lewis*, 247 Ga. 605, 277 S.E.2d 908 (1981). Transfers between husband and wife in exchange for love and affection or nominal consideration are presumed to be fraudulent. *Loeb v. Dante*, 1 Bankr. 547 (Bankr. N.D.Ga.1979) (J. Kahn).

**6.** Pursuant to § 544, a trustee may rely upon the trustee's status as a hypothetical lien creditor to avoid a transfer which would be avoidable under state law.

**7.** Pursuant to 11 U.S.C. § 101(31), a relative of the debtor is an insider.

while the debtor was insolvent; (4) made within one year before the petition was filed; and (5) enables the creditor to receive more than it would in a Chapter 7 case.

In the fraudulent transfer analysis, this court concluded that the transfer to Debtor's wife was unsupported by consideration, i.e. payment of an antecedent debt. The absence of an antecedent debt, however, negates the first element necessary to establish a preferential transfer. For the purposes of the preference analysis, this court will assume Defendants could produce evidence to establish the existence of an antecedent debt. The existence of an antecedent debt would render Debtor's wife a creditor within the meaning of 11 U.S.C. § 101(10). Debtor's insolvency at the time of the transfer has been established. The timing of the transfer, less than one year before Debtor's bankruptcy petition was filed, is undisputed. Similarly, Debtor's wife's status as an insider is undisputed. Plaintiff showed that the distribution to general, nonpriority, unsecured creditors in this case will be five to ten percent, definitely less than 100%. Therefore, Plaintiff has established all the elements of an avoidable preferential transfer. Defendants cite Georgia law for the proposition that a husband is permitted to prefer his wife as a creditor. *See, Rowe v. Cole*, 183 Ga. 477, 188 S.E. 668 (1936). Defendants do not cite any authority to show that, in bankruptcy court, state law should prevail over the Bankruptcy Code. It is well-settled that, to the extent that bankruptcy law and state law conflict, bankruptcy law prevails. *International Shoe Co. v. Pinkus*, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318 (1929). Therefore, Defendants' contentions under state law in opposition to Plaintiff's demonstration of a preferential transfer avoidable under 11 U.S.C. § 547 are without merit.

### DEFENDANTS' COUNTERCLAIM

Defendants assert in their counterclaim that Plaintiff breached his fiduciary duty as Chapter 7 Trustee when he abandoned the Commercial Property. Trustee's abandonment of the Commercial Property was accomplished in accordance with the requirements of the Bankruptcy Code and Rules. Defendants were notified of Trustee's intention to abandon the Commercial Property and were given a reasonable period of time within which to file an objection to the abandonment.[8] If an objection had been filed, a hearing would have been held and Defendants would have had an opportunity to produce evidence and argue against abandonment. Neither Defendant filed an objection. Defendants cannot now attempt to assert an objection to the abandonment by means of a counterclaim in this adversary proceeding.

Additionally, when property of the estate is abandoned by a trustee, it is abandoned *to the debtor* as a matter of law. *In re Manchester Heights Associates, L.P.*, 165 B.R. 42 (Bankr.W.D.Mo.1994); *Riggs National Bank v. Perry*, 29 B.R. 787 (D.Md. 1983). The trustee is merely abandoning the estate's interest in the property. Abandonment eliminates the protection of the automatic stay of 11 U.S.C. § 362(a) as to the estate's interest in the property. The debtor, however, retains all his right, title and interest in the property as of the date the petition was filed and may seek any remedy available under state law. Debtor's failure to do so will not result in imposition of liability upon Trustee for whatever real or imagined loss Debtor may have suffered. Defendants' failure to file a timely objection to the abandonment terminated their right to later object to the abandonment. Once abandoned, Debtor could have dealt with the Commercial Property as if no bankruptcy petition had been filed.

### SUMMARY JUDGMENT AGAINST THE IRS

IRS failed to file a response to Plaintiff's motion for summary judgment; accordingly, the motion is deemed unopposed. LR 220-1 NDGa, incorporated in BLR 705-2 NDGa. Additionally, as a result of the failure of IRS to respond to the motion for summary judgment, Plaintiff's statement of

---

8. Abandonment is accomplished as part of administration of the estate in the main case. Accordingly, any dispute concerning abandonment is a "contested matter" pursuant to Bankruptcy Rule 9014, and need not be filed as an adversary proceeding pursuant to Bankruptcy Rule 7001.

undisputed material fact is deemed admitted. LR 220–5(b)(2) NDGa, incorporated in BLR 705–2 NDGa. Trustee's avoidance of the 1984 transfer of the Property to Debtor's wife eliminates the tax lien on the Property for tax owed by Debtor's wife.

### CONCLUSION

For the reasons set forth above, Trustee may avoid the prepetition transfer of the Property from Debtor to Debtor's wife. Avoidance is supported by a determination that the transfer was a fraudulent transfer under 11 U.S.C. § 548 or § 544, or, alternatively, by a determination that the transfer was a preferential transfer under 11 U.S.C. § 547. Additionally, Trustee is entitled to summary judgment on Defendants' counterclaim and is entitled to summary judgment against IRS in the consolidated adversary proceeding. Accordingly, it is hereby

ORDERED Trustee's motion for summary judgment is GRANTED.

IT IS SO ORDERED.